G. E. HEAD, Appellant, v. JOHN HALE et al., Appellees.

REPLEVIN: Converting Action of Replevin into Action for Conversion. Plaintiff in an action of replevin or detinue may dismiss as to the only defendant who is charged with the possession or detention of the property, and, by proper amendment, proceed against a sole remaining defendant *for con-*

*version only.* So held where such amendment was inaptly denominated a "reply." (See Sec. 4164, Code, 1897.)

*Appeal from Taylor District Court.*—THOMAS L. MAXWELL, Judge.

JANUARY 20, 1919.

ACTION in detinue resulted in its dismissal. The plaintiff appeals.—*Reversed.*

*Frank Wisdom,* for appellant.

*Flick & Flick,* for appellees.

LADD, C. J.—An opinion was filed herein, October 18, 1916, and subsequently a rehearing was granted. Through some mistake, the opinion was published in the official reports. 178 Iowa 69. The cause has been submitted again; and, upon re-examination of the record, we reach a different conclusion.

The petition stated a cause of action in detinue for a span of mules, and alleged that the cause of detention by the defendant Hale was that he claimed to have sold the mules to collect an indebtedness of $30, and that defendant Dugan claimed to have bought them of Hale. The prayer was for possession or value, as is usual in such cases. Hale answered that he agreed to trade the mules to plaintiff for a mare and $25; that, in pursuance thereof, he took the mare; but, as plaintiff failed to pay the $25, he rescinded the agreement and returned the mare, and subsequently sold the mules to Dugan, who, in his separate answer, denied knowledge of the alleged trade, and averred that he had purchased the team from Hale, and was in possession. A jury was impaneled, and, after the opening statements, counsel for plaintiff dismissed the action as to Dugan, and, on motion of the latter, the court rendered judgment in his favor for the mules. The counsel for the plaintiff then formally dismissed

the action as to Dugan, and filed a paper, denominated a
reply, in which it was alleged that, "at the time the defend-
ant Hale sold said mules to Dugan, the plaintiff was entitled
to and was the owner thereof, as against Hale, and entitled
to the immediate possession thereof; and that, by such sale,
the defendant Hale appropriated the plaintiff's property to
his own use, and converted it to his own use and benefit,
and deprived the plaintiff thereof; and that, at the time
of said sale and conversion, said mules were of the actual
value of $250; and that, by such appropriation and sale
and such conversion, the plaintiff has been damaged in the
amount of $100, no part of which has been paid."

Counsel for defendant Hale moved "to strike from the
record the above reply, for the reason that the same sets
up a separate and different cause of action and claim for
the conversion of the property, and the same cannot be
joined in an action of replevin or detinue." This motion
was submitted, and the court ruled that "the motion to
strike the reply from the files will be sustained; and the
court treats it, as he thinks the legal effect of it will be, as
an amendment really to the petition. But, however it may
be treated, either as a reply or an amendment to the peti-
tion, the court thinks it should be stricken from the files,
for the reason that it is an amendment or claim bringing
into the case, at this time an action in detinue, in substance
a claim for damages for conversion of the property."
Judgment of dismissal was thereupon entered.

It will be noted that the only ground stated in the mo-
tion to strike, and on which the ruling of the court rests,
in that an action for conversion was joined with an action
of replevin or detinue. No objection was raised to pleading
such matter in the reply, nor did the court rest its ruling
thereon, but treated it as an amendment to the petition, and
it should be so regarded here. The question to be passed on
is whether, by filing the reply, the plaintiff asserted a new

cause of action, and undertook to join the same with an action in detinue. That this may not be done appears from Section 4164 of the Code, declaring, with reference to replevin, that "there shall be no joinder of any cause of action not of the same kind." The record indicates very plainly that this was not attempted to be done. The petition alleged that the mules were in the possession of Dugan, and asserted at no time that Hale had possession thereof. By dismissing the action as against Dugan, and the entry of judgment awarding him the possession of the property, the issues as to the wrongful detention and right of possession were taken out of the case, and it ceased to be an action for the recovery of the property. There remained, however, the allegation that plaintiff was, in fact, owner thereof, and the manner in which Hale had, at one time, obtained possession of the property; and the amendment, reiterating this, alleged that, as between plaintiff and Hale, plaintiff would be entitled to possession, but that Hale had sold the property, and thereby converted it to his own use, and prayed judgment for consequent damages. This left no cause of action save that for the conversion of the property, and there was no ground on which to base a contention that, by the amendment, a different cause of action was joined with that of replevin or detinue. That such an amendment was permissible, sufficiently appears from *Cox Shoe Co. v. Adams,* 105 Iowa 402. The matters pleaded related to the same subject-matter, and we know of no reason why a petition in replevin may not be so amended as to change it into one alleging the conversion of the property, and praying for consequent damages, instead of the possession of the property. The effect of the amendment (dominated reply) was to do this, and the court erred in sustaining the motion to strike and dismiss the petition as amended; for an action for conversion only was then pleaded.—*Reversed.*

EVANS, GAYNOR, SALINGER, and STEVENS, JJ., concur.