W. A. BRANDENBURG, Appellee, v. HENRY CARMICHAEL, Appellant.

**REPLEVIN: Irregular Intervention.** The institution of an action of
1   replevin opens wide the door to all parties claiming the right to immediate possession, to make themselves parties to the action and to plead their claim; and, in the absence of objection, *it matters little how they make themselves parties.* So held where a plaintiff who instituted the action on untenable grounds was permitted, after being appointed administrator, to amend, and to abandon his untenable grounds and plead his rights as administrator.

**EXECUTORS AND ADMINISTRATORS: Appointment—Right to Pro-**
2   **tect Estate Relates Back.** The right acquired by an administrator, upon appointment and qualification, to protect the personal estate relates back, and attaches *as of the date when the deceased died.*

**REPLEVIN: Commencement by Improper Party.** Even though an ac-
3   tion of replevin is commenced by an improper person, or on untenable grounds, yet it may very properly go to judgment in favor of an intervener who establishes his right to the immediate possession.

**REPLEVIN: When Demand Unnecessary.** Demand as a condition
4   precedent to the commencement of an action in replevin is not necessary unless the defendant is holding under some right *which can only be terminated by demand.*

*Appeal from Fayette District Court.*—H. E. TAYLOR, Judge.

DECEMBER 13, 1921.

ACTION in replevin, to recover possession of certain household goods and other chattels. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*E. H. Estey,* for appellant.

*Ainsworth & Antes,* for appellee.

FAVILLE, J.—F. M. Brandenburg and Enfield Brandenburg were husband and wife. Appellee is the son of said parties. F. M. Brandenburg died testate, in April, 1916. By the terms of his will, all of his property, real and personal, passed to his surviving widow, Enfield. The appellee was executor of the estate of the said

1. REPLEVIN: irregular intervention.

F. M. Brandenburg. After the death of F. M. Brandenburg, his widow, Enfield, lived with her daughter, Amy, who was at that time the wife of the appellant. All of the personal property involved in this litigation was in the possession of the said widow, at the home of the appellant. She continued to reside there until some time in the fall of 1918. In September of that year, the daughter, Amy, obtained a divorce from the appellant, and shortly thereafter, both Amy and her mother left the appellant's home, leaving the property in question in the possession of the appellant. The mother died November 20, 1918, intestate. She left surviving her six children, all adults. In August, 1919, the appellee went to the home of the appellant, and informed him that he came to remove therefrom the things that had belonged to his (appellee's) mother. Thereupon the appellant, in language more forcible than elegant, demanded that appellee leave the premises, and enforced his demands by the aid of an iron poker. Very shortly after this transaction, this suit was instituted in replevin, to obtain possession of the goods and chattels that had belonged to the deceased mother, Enfield, during her lifetime, and that had been left upon the appellant's premises.

The petition was filed August 26, 1919. It is in the ordinary form of a petition in replevin, with the essential allegations required by our statute. In the petition, the plaintiff alleges that he is the duly appointed, qualified, and acting administrator of the estate of F. M. Brandenburg. He also alleges that he is the absolute and unqualified owner of and entitled to the possession of the property in controversy, and that he acquired such ownership and right of possession by reason of his being administrator of the estate of said F. M. Brandenburg, and by reason of being an agent for the children and heirs at law of said F. M. Brandenburg and Mrs. F. M. Brandenburg.

On November 8, 1919, appellant filed an answer, denying specifically that the plaintiff in said action was the legally ap-

pointed, qualified, and acting administrator of the estate of F. M. Brandenburg, and that he was the owner of or entitled to the possession of the property described in the petition. On January 26, 1920, appellee amended his petition, and struck out the allegation therein to the effect that he was the absolute and unqualified owner of the property referred to, and substituted therefor an allegation that he was the duly appointed, qualified, and acting administrator of the estate of Enfield Brandenburg, and alleged that, during her lifetime, said Enfield was the owner of the property described in the petition. On February 5, 1920, appellant amended his answer, to meet the amended petition, and alleged that appellee was not appointed administrator of the estate of Enfield Brandenburg until long after the commencement of this action.

On February 10, 1920, plaintiff filed a second amendment to his petition, wherein he alleged that, prior to the commencement of said action, he was the agent of the legal heirs of F. M. Brandenburg and of Enfield Brandenburg, deceased, and was authorized and empowered by them to take possession of and exercise control over all the property belonging to the estate of the said decedent, and was, as such agent, authorized and empowered to take possession and control of the property particularly described in the petition.

It appears from the record in the case that, after the death of F. M. Brandenburg, in 1916, the appellee herein was appointed executor of his estate, and was finally discharged as such executor on November 8, 1917, nearly two years before the commencement of this action. It further appears from the record that the appellee herein was not appointed administrator of the estate of his deceased mother, Enfield Brandenburg, until the 20th day of January, 1920, about five months after the commencement of this action. It also further appears from the evidence that, shortly after the death of Enfield, in the fall of 1918, the appellee herein was orally requested by the other heirs of said Enfield to take care of the deceased mother's property and to look after her estate for and in behalf of all her heirs.

At the close of the testimony, appellant moved for a directed verdict and, after verdict, filed a motion for a new trial, and also a motion for judgment notwithstanding the verdict. The

pleadings were in no way attacked by appellant, by motion or otherwise.

I.    Appellant's first contention is that appellee cannot maintain the action as executor of the estate of F. M. Brandenburg, because he had been finally discharged as such executor before this action was commenced. This contention would be meritorious, if germane and pertinent. Appellee could not maintain the action as executor of the estate of F. M. Brandenburg, because said estate had been closed, full distribution made, and appellee discharged as such executor, nearly two years before this action was commenced. But the court did not submit to the jury any question of appellee's right to recover as executor of the estate of F. M. Brandenburg. This question was entirely eliminated from the case by the action of the court, and appellant's argument on this point is beside the mark.

II.    Appellant's next contention is that appellee cannot maintain this action in the capacity of administrator of the estate of Enfield Brandenburg. The record shows that Enfield Brandenburg died November 20, 1918. This action was commenced August 26, 1919. The appellee was appointed administrator of the estate of Enfield Brandenburg, January 20, 1920. On January 26, 1920, he filed the amendment to his petition, alleging his appointment as administrator of the estate of Enfield Brandenburg, and that she was the owner of the property in question at the time of her death. No objection appears to have been made by the appellant to the filing of this amendment.

The action is the ordinary action in replevin, brought under Code Section 4163 et seq. Our statute has modified in some particulars the common-law action of replevin, but under this statute, as well as under the common law, the right to the immediate possession of the property in controversy is the very gist of the action. At the time appellee instituted this suit and obtained the writ of replevin under which the property was taken, he made no claim whatever in his petition to a right to possession of said property as administrator of the estate of Enfield Brandenburg. He could not do so, because, as above set forth, he was not appointed as such administrator until several months later. However, before trial of the case, he had been appointed as such administrator, and thereafter, without objection, he

amended his petition and sought recovery of the property in his representative capacity as such administrator, and alleged that the property belonged to the decedent, Enfield Brandenburg, at the time of her death. No motion was interposed to this amendment. Appellant did not ask the court to put appellee upon his election as to how he should further proceed, but contented himself with filing answer to the petition as thus amended. Our statute, Code Section 4166, provides as follows:

"If a third person claims the property or any part thereof, the plaintiff may amend and bring him in as a codefendant, or the defendant may obtain his substitution by the proper mode, or the claimant may himself intervene by the process of intervention."

The appellee did not intervene in the pending action in his capacity as administrator of the estate of Enfield Brandenburg, but he amended his petition and set out the facts upon which he claimed he was entitled to the possession of the property in controversy as such administrator. Under our liberal rules of practice, the appellee had the right to tender this issue by amendment to his petition, rather than in another manner, especially where no objection was interposed. In this connection, see *Head v. Hale*, 185 Iowa 199.

Conceding appellant's contention, for the sake of argument, that the appellee could not maintain this action in replevin, as executor of the estate of F. M. Brandenburg or otherwise, as originally brought, still the fact remains that such action was pending, and the question involved therein was the right to the possession of the property in controversy. While such action was pending, and before trial thereof, and without objection, the duly appointed and qualified administrator of the estate of Enfield Brandenburg appeared in the case and filed a pleading therein, claiming the right to the possession of the property in controversy in such capacity. Assuming that a third party, instead of appellee, had been appointed in the interim, as administrator of the estate of Enfield Brandenburg, and had appeared in said action and filed a petition of intervention, claiming the right to the possession of the property in controversy, it cannot well be disputed that, under the section above quoted, such administrator would have had a right to have his claim to

the property litigated and determined in said proceeding. The fact that the administrator who had subsequently been so appointed was the plaintiff in the original action does not change the ultimate question presented for determination, which was the right to the immediate possession of the property. Whether appellee presented this issue by intervention filed in the action that had been previously brought, or by amendment to his petition, is not the vital question before us. The question of pleading is not involved. No election was demanded. What we are required to determine is whether or not, when the duly appointed and qualified administrator of the estate of Enfield Brandenburg appeared in the pending action, without objection, and by pleading claimed the right to the possession of the property in controversy, he could maintain such an action. Our statute expressly provides for the appearance by intervention of any claimant to the property, and that his rights therein shall be determined in the action. We do not think the appellee is to be denied this right because he presented his claim in the manner in which he did, instead of by petition of intervention, especially in view of the fact that no objection was raised to the manner in which the issue was tendered, and no election was requested.

It is contended, however, by the appellant that the rights of parties to the possession of property in controversy in a replevin

2. EXECUTORS AND ADMIN-ISTRATORS: appointment: right to protect estate relates back.

suit are to be determined as of the date of the commencement of the action and the issuance of the writ, and not as of the date of the time of trial. Our statute evidently does not so require, where a claimant to the property appears by intervention at or prior to the trial.

Conceding the soundness of appellant's contention, for the purposes of the argument, it does not of necessity follow that appellee could not maintain this action in his representative capacity as administrator of the estate of Enfield Brandenburg. At an early date, it was held that, if a man dies possessed of certain goods, and a stranger takes and converts the same unto his own use, and thereafter administration is granted upon the estate, the administration shall relate back to the time of the death of the decedent, and the administrator may maintain an action of trover

for the conversion made before the administration was granted to him. *Tharpe v. Stallwood*, 5 Man. & G. 760.

In *Dempsey v. McNabb*, 73 Md. 433, it was held that, when administration is granted, it vests the property in the administrator, by relation, from the time of the death of the testator; and that the administrator could maintain trover or trespass.

In *Welchman v. Sturgis*, 13 Q. B. 552, where the defendant, after the death of plaintiff's intestate and before the taking out of letters of administration, applied cash that was in the house of the intestate at the time of his death to the payment of funeral and other expenses, it was held that an action of assumpsit would lie, and that the letters of administration related back to the time of the death of the decedent.

In *Brackett v. Hoitt*, 20 N. H. 257, the action was in trespass, and it was held that the appointment of administrator related back to the death of the testate, so as to enable the administrator to recover the value of personal property belonging to the estate at the time of the death of the decedent. It was held that such administrator may sue in either trespass or trover.

The title to personal property of a decedent is in abeyance until his executor qualifies or an administrator is appointed, when it vests in the executor, by relation, from time of the death. *McDearmon v. Maxfield*, 38 Ark. 631.

Trover will lie against one who converts property, and the appointment of an administrator relates back to the date of the death, for the purposes of said action. *Ham v. Henderson*, 50 Cal. 367.

The rule is recognized generally that an administrator of an estate can maintain an action in trespass or trover where the cause of action arose prior to the appointment of the administrator; and that, in all such cases, the appointment relates back to the time of the death of the decedent. It is contended, however, that such rules do not apply to actions in replevin, because the latter is a possessory action. In *Haynes v. Harris*, 33 Iowa 516, we said:

"At common law, the personal property of an intestate goes to the administrator, and not to the heirs. Upon the appointment of an administrator, his title in such property relates back to

the death of the intestate.    There is no statute in this state changing these rules.    *Rhodes v. Stout,* 26 Iowa 313.''

In *Blackman v. Baxter,* 125 Iowa 118, we held that, regardless of when appointed, an administrator's title to the property of the decedent relates back to the instant of the death of the intestate.

We think that the weight of authority and the better reasoning are to the effect that the right to the possession of the property of a decedent vests in a subsequently appointed administrator as of the date of the death of said decedent. If an action of trover will lie at the instance of an administrator, to recover for property converted between the time of the death of the decedent and the appointment of the administrator, there is no logical reason why, in a case where an action in replevin is pending for the possession of the property of a decedent, a subsequently appointed administrator cannot appear in said action and assert his rights to the possession of the *res*; and, for the purpose of such action, his appointment will relate back to the date of the death of the said decedent. Such conclusion is logical, and consistent with the weight of authority.

Applying these general rules to the facts of the instant case, we hold that the appellee, after his appointment and qualification as administrator of the estate of Enfield Brandenburg, had a right to appear in the then pending action in replevin and assert his claim to the possession of the property in controversy, in his capacity as administrator of said estate; and that, for the purpose of asserting his right to the possession of said property, his appointment as administrator would relate back to the time of the death of the said decedent.

It therefore follows that the court did not err in submitting to the jury the question of the right of the appellee, as administrator of the estate of Enfield Brandenburg, to the possession of the property in controversy in said action.

III.    In his original petition, appellee alleged that he had a right to the possession of the property ''by reason of his

3. REPLEVIN: commencement by improper party.

being agent for all of the children and heirs of the said F. M. Brandenburg and the said Mrs. F. M. Brandenburg.'' By the second amendment to his petition, the appellee alleged:

"That, on the date of the demand made herein, and for some time prior thereto, this plaintiff was the agent of the legal heirs of F. M. Brandenburg, deceased, and of Enfield Brandenburg, deceased, and was authorized and empowered by them to take possession and exercise control over all the properties belonging to the estates of said decedents, or to the heirs as individuals in property derived by inheritance from said F. M. Brandenburg and Enfield Brandenburg."

. In Instruction No. 4, the court told the jury that plaintiff had a right to bring the action, both in his own right and as agent for the other heirs of Enfield Brandenburg, and that, if the jury found that the plaintiff was so acting as agent at the time of the commencement of the action, then it was *properly commenced*.

In Instruction No. 6, the jury was told:

"If you find by a preponderance of the evidence that the property in controversy was the property of Enfield Brandenburg at the time of her death, or property which she had received from the estate of her husband, F. M. Brandenburg, deceased, and further find that plaintiff is now the administrator of the estate of Enfield Brandenburg, deceased, then plaintiff may be properly termed the owner of all the property involved in the cause; and if you so find, by such preponderance of the evidence, and further find that plaintiff is entitled to recovery in this action, then you will state the nature of his interest in the property as that of 'owner.' "

It is, therefore, obvious that the court instructed the jury that appellee could recover, if at all, only in his capacity as administrator of the estate of Enfield Brandenburg. As presented to the jury, the case was in the situation where the court told the jury that, if the action was *commenced* by appellee as agent for the heirs of Enfield Brandenburg, it was "properly commenced;" and that if, at the trial, it appeared that appellee was "*now* the administrator of the estate of Enfield Brandenburg, deceased," then he could recover. The court expressly limited the appellee's right to recover the property, if at all, to a finding that, at the time of trial, he was the duly appointed administrator of the estate of Enfield Brandenburg. He was not permitted to recover in any other capacity. Under the court's in-

structions, unless the jury found, under the evidence, that appellee, at the time of trial, was the duly appointed administrator of the estate of Enfield Brandenburg, and that she was the owner of said property at the time of her death, appellee could not recover. As before stated, it was not a material inquiry, at the time of the trial, who *commenced* the action. Had it been begun by a total stranger, a mere intermeddler, the appellee would have had a right, under our statute, to appear at the trial and claim the property as administrator; and his appointment and his right to the property would relate back to the date of the death of the decedent. The jury was expressly told that the appellee could not recover in any other right than in his right as administrator of the estate of Enfield Brandenburg.

Appellant makes no claim, by either pleading or proof, of any right whatever to the possession of the property. He simply stands on a denial of appellee's right thereto. He did not claim that appellee's petition presented inconsistent claims, nor did he attack it by motion, or seek to put appellee to an election. There was no error here of which appellant can complain.

IV. Appellant argues that appellee could not recover as agent of the heirs at law of the decedent; that the administrator of the estate, and not the heirs at law, is entitled to the possession of personal property of an intestate. Granting appellant's contention, as a general rule, it does not work a reversal of the judgment in this case, because the appellee was not permitted to, and did not, recover as agent for the heirs at law, or in any other capacity than as administrator of the estate of the decedent.

4. REPLEVIN: when demand unnecessary.

V. Appellant strenuously insists that there was no sufficient demand for possession of the property by appellee before the commencement of the action. The particular point urged is that the appellee had not been appointed administrator of the estate of Enfield Brandenburg at the time he made demand upon appellant for the property, and that a demand by him as agent of the heirs at law of Enfield Brandenburg was unavailing. It is unnecessary that we determine the question of the rights an heir at law may have to the possession of the personal property of a decedent before the appointment of an administrator, as against one not entitled to such possession. Under

the facts of the instant case, no demand was necessary before an action in replevin could be maintained.

In *Smith & Co. v. McLean,* 24 Iowa 322, we said:

"It is hardly necessary to remark that the action of replevin, under our code of procedure, being a statutory remedy, and our system of pleading being not that of the common law, the rules that govern this action, as well as the pleadings therein, are not those that are applicable to the action bearing the same name under the common law. The application of rules and reasons drawn from authorities treating of the common-law action of replevin, to this proceeding, under our system of procedure, will inevitably lead to erroneous conclusions. Under our Code, it is a remedy for the recovery of personal property to which the plaintiff has the right of possession, or the ownership coupled with that right. The mist of no common-law fictions obscures the proceedings in the action. As in the action at bar, the plaintiff alleges in his petition the facts constituting his right of possession of the property. If this right is based upon the full ownership, he so avers. The answer of the defendant, by denial of the allegations of the petition, or the averment of proper matter of defense, puts in issue the plaintiff's right of possession or ownership of the property. If the defendant's right can only be terminated by a demand of the property, or plaintiff's right thereto depends upon such demand, the fact will appear in the pleadings, or will be drawn as a conclusion of law therefrom. Now, it is evident that proof of demand of possession will be required at the trial only in such cases where it is necessary to terminate the defendant's right of possession or confer on plaintiff that right. To require such proof in any other cases would impose on one party a vain and useless labor, which the law will not exact."

In the instant case, the defendant squarely put in issue, by general denial, all the allegations of the petition as amended. Appellee was suing only for possession of the property. Appellant denied his right to possession. Under the law of this state, no demand was necessary, in such a case, before bringing an action in replevin. There was neither claim in the pleadings nor proof in the evidence that appellant held possession under

any right that required termination by demand, before bringing suit.

VI. Appellant contends that there is such confusion of parties that the court should have directed a verdict for appellant. The case could undoubtedly have been framed more artistically by counsel for appellee, and doubtless timely motions by appellant would have contributed to that result. But the appellant has not been misled in any way by the manner in which the issues were presented, and has met them skillfully and adroitly. The court properly overruled appellant's motion to direct on this ground.

We find no error in the record entitling appellant to a reversal of the case, and the judgment appealed from is, therefore,—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.