The cause stood continued for advisement, and now, at this term, the opinion of the Court was delivered to the following effect by
Parsons, C. J.
It appears from the writ, and the suggestion on the record which is admitted, that the plaintiffs had replevied the chattels described in the writ from the possession of the original defendant, who had attached them, at the suit of the creditor, as the property of his debtor, who was not either of the plaintiffs. It further appears that, pending the suit, the original defendant, who is described in the writ as a deputy sheriff, died, and that John Baldtoin, the administrator of his estate, comes into Court, and moves to be admitted to defend this action. The motion is objected to by the plaintiffs ; and whether it ought or ought not to prevail, is the question before the Court.
*420 At common law, all personal actions died with the party ; but by the statute of 1783, c. 32, § 10, provision is made that when either party dies pending the suit, his executor or administrator may come into Court, and prosecute or defend it, if the cause of action doth by law survive. And the counsel for the administrator has argued that the cause of action in this case doth survive.
In replevin, the ground of action for the plaintiff is his property, either general or special, and a tortious violation of his right of property by the defendant. The defendant is, therefore, charged with a tort, which cannot survive against his executor or administrator. (a)
By the surviving of the cause of action is to be understood of such a cause as will enable the executor or administrator of the deceased to maintain a suit thereon against the survivor, or against his executors or administrators. Thus actions on contracts may be maintained by and against the executors and administrators of the original contractors. Trespass de bonis asportatis, and trover, and replevin, may be commenced and maintained by the executor or administrator of the owner of the goods against a tort-feasor, but not against his executor or administrator.
[ *482 ] *In the present case, the plaintiffs could not maintain any action against the administrator of the deceased defendant for a tort committed by the latter in wrongfully taking these goods. We are, therefore, satisfied that the plaintiffs could not compel the administrator to take the defence of this suit upon him, so that they might recover damages against the estate of his intestate, for a wrong committed by him when living.
And if the administrator could not be compelled to take on him the defence, neither can he be admitted On his own motion ; for his right must depend on the nature of the action, and not on his own consent. And the remedy given by the statute of 1783, c. 32, and enforced by the 59th chapter of the same statute, must be mutual.
But the executor or administrator of a plaintiff in replevin may come in and prosecute, because, the chattels of the deceased being vested in him by the law, he might sue a replevin against the defendant, who had unlawfully taken and still held them, and this within the equity of the ancient statute, which gave the executor an action de bonis asportatis testatoris.
The counsel for the administrator have further endeavored to maintain the motion by the statute of 1805, c. 99, which passed after the commencement of this suit. This statute was made to regulate the proceedings upon bonds given by a sheriff for the faith *421 fui performance of the duties of his office, and to answer for the malfeasance of his deputies.
The second section has altered the common law, by providing that actions for the malfeasance of the sheriff or his deputy may be sued against the executors or administrators of the sheriff, in the same manner as if the cause of action survived at the common law.
This section cannot apply to the present motion. For the tort of the sheriff, or of his deputy, is made to survive against the executors or administrators of the sheriff, and not of his deputy ; and whether the deputy be living or dead, the sheriff, or his executor or administrator, is chargeable, and the remedy against the deputy, or, if dead, against his executor or administrator, is on his bond to indemnify the sheriff. And if we could give this section the construction for which the counsel for the administrator has argued, yet it could not avail him; * for the present action is not [ * 483 ] sued against the original defendant for his misfeasance as a deputy sheriff.
The motion must be overruled, and judgment be entered that the writ is abated by the death of the original defendant.

 [But see Revised Statutes, c. 93, § 7,12,13, whereby the law is altered. — Ed.]