## MERRITT vs. LUMBERT.

Upon the death of the defendant in replevin, the suit abates, the administrator not being authorised to come in and defend.

In such case it seems that the remedy for the legal representatives of the defendant is by an action of replevin or trover against the plaintiff, after demand and refusal.

IN an action of replevin, it appearing that the defendant had deceased since the last continuance, a question was made at the bar, whether his administrator could come in and defend; and the cases of *Pitts v. Hale,* 3 *Mass.* 321; *Mellen v. Baldwin,* 4 *Mass.* 480; and *Badlam v. Tucker,* 1 *Pick.* 284, were cited. The counsel of record for the defendant, to save the rights of all concerned, suggested his title to the possession of the goods replevied, at the time of service of the writ, and at the time of his decease, and prayed judgment for a return. Whereupon *Parris J.* before whom the question was raised at the sittings after the last term, reserved it for the decision of the Court; whose opinion was delivered by

MELLEN C. J. This is an action of replevin; and the defendant having deceased, the counsel who appeared for him in his life time has moved that a judgment for a return of the property replevied from the possession of the defendant may now be entered. It is clear from the case of *Pitts v. Hale,* 3 *Mass.* 321, and *Mellen & al. v. Baldwin,* 4 *Mass.* 480, as well as from *Badlam v. Tucker,* 1 *Pick.* 284, that an action of replevin does not survive against the executor or administrator of the defendant; but his death immediately abates the suit : though in case of the death of a plaintiff, the case is otherwise; for his executor or administrator may come in and prosecute the action. By our statute an executor or administrator cannot be compelled or admitted to defend an action, except in those cases where it survives against such executor or administrator. In the present case therefore there is no person in whose

Merritt *v.* Lumbert.

favor a judgment for a return can be rendered. The suit being abated, no further proceedings can be had, where it is abated by the death of the defendant; in other cases of abatement, a motion for judgment for a return is proper, as mentioned by the court in *Badlam v. Tucker*. It was supposed by the counsel that a similar motion might be sustained here; but the language used on that occasion evidently shews that it was not intended to be applied to a case where the defendant in replevin had died; for the court say that such defendant may move for the judgment for a return. The case of *Badlam v. Tucker* was an action of debt on the replevin bond, and it was decided that it could not be maintained; the condition of the bond not having been violated; because the plaintiff had prosecuted the suit as far as was in his power, and until judgment was entered that the suit abate, which was a final judgment. For the same reason it seems that the executor or administrator cannot maintain such an action against the present plaintiff; but we do not perceive why an action of replevin or trover, after demand and refusal, might not furnish a good remedy for the recovery of the property or damages for its conversion, should it on trial be found not to belong to the plaintiff. On this point, however, we do not mean to be understood as giving any decisive opinion. The judgment must be that the suit is abated by the death of the defendant.