TREASURER AND RECEIVER GENERAL *vs.* DANIEL J. SHEEHAN, executor.

Suffolk. October 5, 1934. — November 28, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Survival of Action. Insane Person.*

An action by the Treasurer and Receiver General of the Commonwealth to enforce the obligation created by G. L. (Ter. Ed.) c. 123, § 96, is an action of contract and the cause survives the death of the person to be charged.

CONTRACT against the executor of the will of Catherine Arnold, late of Boston. Writ dated February 2, 1933.

The action was heard in the Superior Court by *T. J. Hammond*, J., without a jury. There was a finding for the plaintiff in the sum of $5,546.44. The defendant alleged exceptions.

The first paragraph of G. L. (Ter. Ed.) c. 123, § 96, is as follows: "The price for the support of inmates of state hospitals, except the Boston psychopathic hospital, and of insane inmates of the state infirmary and of the Bridgewater state hospital, not under orders of a court, shall be determined by the department at a sum not exceeding ten dollars per week for each person, and may be recovered of such persons, or of the husband, wife, father, mother, grandfather, grandmother, child or grandchild if of sufficient ability. The price for the support of inmates of the Boston psychopathic hospital shall be determined by the department and may be recovered as herein provided. A married woman shall be subject to the said liability as though sole. Such action shall be brought by the attorney general in the name of the state treasurer."

*H. Finn*, for the defendant.

*J. L. Barron*, Assistant Attorney General, for the plaintiff.

LUMMUS, J. G. L. (Ter. Ed.) c. 123, § 96, contains provisions in force during the period in question from July 28, 1920, until January 5, 1932, whereby such sum, not exceeding a certain number of dollars a week, as may be determined by the department of mental diseases as the price for the support of an inmate of a State hospital for the insane, may be recovered by action in the name of the State Treasurer from such inmate or from his mother or other relatives.

The defendant is the executor of the will of Catherine Arnold, whose son Walter J. Carberry was an inmate of State hospitals for the insane from 1907 until the time of the trial. From July 28, 1920, until her death on January 5, 1932, the defendant's testatrix was of sufficient ability to pay for her son's support. During that period there was due for such support $5,118.29, no part of which was ever demanded from her during her lifetime, nor paid. After the appointment of the defendant as executor, demand was made upon him, and this action of contract was begun. He did not attempt to rely upon the statute of limitations. See St. 1926, c. 281 (G. L. [Ter. Ed.] c. 260, § 1, Fifth). The trial judge, sitting without a jury, found that he was liable for the full amount claimed. The only

point raised by his exceptions is that the cause of action did not survive the death of his testatrix.

The action was properly an action of contract. Originally Rev. Sts. (1836) c. 48, §§ 9, 11, provided for an action against the insane person himself, in which "the declaration may be in a general indebitatus assumpsit." St. 1856, c. 108, § 4, provided that payment for the support of inmates of State insane hospitals may be enforced against "any kindred obligated by law to maintain them . . . in the manner provided in like cases" by Rev. Sts. c. 48. St. 1857, c. 209, provided in similar cases for "an action of contract." Later statutes, beginning with Gen. Sts. (1860) c. 73, §§ 23–25, and St. 1870, c. 105, (compare St. 1886, c. 298, § 7,) have omitted to describe the kind of action to be brought, but the practice has always been to bring actions of contract. *Treasurer & Receiver General* v. *Sermini,* 229 Mass. 248, 253. *Smith* v. *Lee,* 12 Allen, 510. *Adams* v. *Ipswich,* 116 Mass. 570. See also *Madden* v. *Madden,* 279 Mass. 417, 422.

At common law, all personal actions abated upon the death of one of the parties, whether the cause of action survived or not. *Wilbur* v. *Gilmore,* 21 Pick. 250, 252. *Electric Welding Co. Ltd.* v. *Prince,* 195 Mass. 242, 260. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 113. All the statutory modifications of this rule affect the survival of the cause of action as well as the survival of a pending action, for G. L. (Ter. Ed.) c. 230, § 1, provides that "An action which would have survived if commenced by or against the original party in his lifetime may be commenced and prosecuted by or against his executor or administrator." *Union Market National Bank of Watertown* v. *Gardiner,* 276 Mass. 490, 493.

Many causes of action, as distinguished from pending actions, survived the death of one of the parties even at common law. Otherwise there could have been no creditor of the estate of a decedent. In *Mellen* v. *Baldwin,* 4 Mass. 480, 481, Parsons, C.J., said, "actions on contracts may be maintained by and against the executors and administrators of the original contractors." See also *Stebbins* v. *Palmer,* 1 Pick. 71, 78, 79; *Hyde* v. *Skinner,* 2 P. Wms. 196; note

to *Wheatley* v. *Lane*, 1 Saund. 216. In *Siboni* v. *Kirkman*, 1 M. & W. 418, 423, Baron Parke said, "Executors are responsible on all the contracts of the testator broken in his lifetime, and there is only one exception with regard to their liability for contracts broken after his death; that is this, that they are not liable in those cases where personal skill or taste is required." See also *Harrison* v. *Conlan*, 10 Allen, 85; *Drummond* v. *Crane*, 159 Mass. 577; *Brown* v. *Cushman*, 173 Mass. 368; *Stearns* v. *Blevins*, 262 Mass. 577; *Raymond* v. *Fitch*, 2 Cr. M. & R. 588. The non-survival of causes of action for breach of promise of marriage rests on special grounds. *Stebbins* v. *Palmer*, 1 Pick. 71, 78, 79. *Smith* v. *Sherman*, 4 Cush. 408. *Chase* v. *Fitz*, 132 Mass. 359. Ordinarily the survival of a cause of action is mutual, and if it survives in favor of executors or administrators, it survives against them. *Valentine* v. *Norton*, 30 Maine, 194, 201. *Brill* v. *Jewett*, 262 Fed. Rep. 935, 937. Compare *Mellen* v. *Baldwin*, 4 Mass. 480.

A cause of action in contract survives when founded upon an implied or *quasi* contract, as well as when founded upon an express agreement. *Dodington's Case*, Cro. Eliz. 545. *Bertie* v. *Lord Chesterfield*, 9 Mod. 31. *Hambly* v. *Trott*, Cowp. 371. *Knights* v. *Quarles*, 2 Brod. & Bing. 102; *S. C.* 4 Moore C. P. 532. *Batthyany* v. *Walford*, 36 Ch. D. 269, 279, *et seq.* *Patton* v. *Brady*, 184 U. S. 608. See also *Jones* v. *Hoar*, 5 Pick. 285; *Wilbur* v. *Gilmore*, 21 Pick. 250. In *Anderson* v. *Metropolitan Stock Exchange*, 191 Mass. 117, 121, a cause of action in the form of money had and received for money received in violation of statute for the purchase of stocks on margin, was held to survive. In *Griffiths* v. *Powers*, 216 Mass. 169, 170, an action was maintained against the executor of an attorney at law to enforce the statutory liability upon an attorney at law to pay his client "five times the lawful interest" upon money detained after demand; and it was said that "the rules of contract as to method of collection and survivorship govern, rather than those of tort." Under these authorities the present action can be maintained against the executor.

*Exceptions overruled.*