FRANCES M. JOY, Executrix, Appellant, v. WOODBURY COUNTY SAVINGS BANK, Administrator, Appellee, GEORGE S. MUSGRAVE, Claimant, Appellee.

No. 44683.

1252

June 20, 1939.

F. W. Lohr, for appellant.

Milchrist & Marshall and W. A. McCormick, for appellee.

STIGER, J.—The first publication of notice of appointment of the administrator of the estate of James R. Fraser was on February 7, 1935. On August 18, 1936, the administrator filed a report showing all claims against the estate paid, describing assets belonging to the estate, stating that no heirs had been found and requested the court to prescribe notice to persons interested in the property under the provisions of sections 12036 and 12037, Code of 1935, prescribing proceedings for escheat.

Pursuant to court order, the administrator, on August 22, 1936, gave a notice entitled "NOTICE TO POSSIBLE CLAIMANTS AND HEIRS", stating therein that no heirs had been located and if no claimant or heir appeared within six months the property of the estate would be paid into the school fund under the escheat statutes.

On January 9, 1937, almost two years after notice of the appointment of the administrator was published, Frances M. Joy, executrix of the estate of C. L. Joy, deceased, filed a claim in the estate of James R. Fraser, in the sum of $900 for room

and board furnished him from May 1929 to May 1934. Section 11972 reads:

"11972. When claims of fourth class barred. All claims of the fourth of the above classes, not filed and allowed, or if filed and notice thereof, as hereinbefore provided, is not served within twelve months from the giving of the notice aforesaid, will be barred, except as to actions against decedent pending in the district or supreme court at the time of his death, or unless peculiar circumstances entitle the claimant to equitable relief."

On January 14, 1937, the administrator filed a motion to dismiss the claim, alleging it was of the fourth class and not filed within 12 months from the giving of the notice of the appointment of the administrator, and that the claim was therefore barred by the non-claim statute.

On applications of the administrator of the Fraser estate, several extensions of time were granted by the court for heirs to present claims to the assets of the estate, the last extension of time being to January 3, 1938. On December 9, 1937, 11 months after the claim was filed, claimant filed an amendment to the claim denominated "APPLICATION FOR HEARING IN EQUITY" which recited that Mr. Fraser resided with Mr. Joy and wife for 15 years preceding his death; that he agreed to pay rent for his room and board; that Fraser was unemployed for the greater part of the time and concealed from them the fact that he had considerable property and that through sympathy and charity they allowed Fraser to remain in their home without knowing that he had ample funds with which to pay under the contract. The application further recited that claimant had no means of finding out that decedent had funds on deposit in the bank; that the administrator, the Woodbury County Savings Bank, did not inform claimant of such funds and that claimant did not have actual knowledge of the probate proceedings until after the escheat proceedings were commenced, whereupon, claimant filed her claim against the estate. The application further stated that the estate was unsettled and solvent and had ample funds with which to pay the claim.

On December 30, 1937, a hearing was had on the motion to dismiss the claim. The administrator, in support of the allegations of the motion, introduced record evidence showing that the claim was barred.

The trial court, apparently being of the opinion that claimant, in her first amendment to the claim, had not alleged peculiar circumstances that would entitle her to equitable relief, on its own motion, made the following order: ''Motion to dismiss overruled at this time to give Claimant time in which to amend, if the claim as filed is not amended by January 10th, 1938, the motion will be automatically sustained and claim dismissed.''

In compliance with the above order, claimant filed a second amendment to her claim alleging that she was entitled to six months time in which to file her claim in the estate after the publication of the notice in the escheat proceedings and that the estate would not suffer any prejudice on account of the time of filing the claim.

On March 10, 1938, a further hearing was had on the motion to dismiss the claim for the purpose of determining whether, as stated by the trial court, ''the claim as amended yet pleaded or showed peculiar circumstances entitling her to equitable relief for not filing her claim within the time provided by the statute.'' The court found that claimant had failed to plead such peculiar circumstances and that the motion of the administrator of the James R. Fraser estate to dismiss the claim should be sustained.

■ Claimant failed to plead any facts warranting equitable relief and the trial court was right in dismissing the claim. Promptly after its appointment, the administrator of the Fraser estate filed a report listing property belonging to the estate in the value of nearly $5,000. The administrator gave a proper notice of its appointment and thus claimant had constructive notice of the appointment and of the assets of the estate from the date of the first publication of the notice. It does not appear that the administrator had knowledge of this claim, and if it did have such knowledge, it was under no obligation to advise this creditor that administration was pending on the estate or advise her that there were funds from which the claim could be paid.

■ The fact that claimant did not have actual knowledge of the appointment of the administrator is not a peculiar circumstance entitling her to equitable relief. Federal Land Bank of Omaha v. Bonnett, 226 Iowa 112, 284 N. W. 97; Bates v. Rem-

ley, 223 Iowa 654, 273 N. W. 180; Hawkeye Insurance Company v. Lisker, 122 Iowa 341, 98 N. W. 127.

We have repeatedly held that the facts that an estate is open, solvent, and the claim just, are not "peculiar circumstances" within the meaning of the statute. See cases collated in Federal Land Bank of Omaha v. Bonnett, supra.

The failure of claimant to file her claim within the limited period can, on the pleadings, only be attributed to her lack of diligence from which she cannot be granted relief in equity unless there is a showing of adequate excuse for want of diligence. No such excuse is pleaded by claimant. First Trust Joint Stock Land Bank v. Terbell, 217 Iowa 624, 252 N. W. 769.

The claimant asserts on appeal that the notice to *claimants* and heirs in the escheat proceedings, in effect, waived the statute of limitations and was not only a notice to heirs but also was a "new invitation to creditors to claim the money on hand". There is no merit in this contention. It is true we have held that an administrator is not necessarily bound to interpose a plea of the statute of limitations against a claim which he believes to be just. In re Jackson's Estate, 225 Iowa 359, 280 N. W. 563; In re Sterner's Estate, 224 Iowa 605, 277 N. W. 366.

In this instance, however, the administrator of the Fraser estate resisted the claim, and the application of the administrator to the court to prescribe notice to persons interested in the property, the order fixing notice and the notice all specifically referred to the escheat proceedings, and wherever the word "claimant" was used in the proceedings it clearly referred to persons interested in the estate as heirs and not to creditors. Claimant does not purport to advise us what authority the court would have to extend the period of limitations in "a new invitation to creditors" to file claims against the estate.

Appellant urges that the proceeding on the claim was an action at law and that the administrator did not demur but filed a motion to dismiss and failed to plead the statute by answer.

Claimant concedes that the claim, as amended, was an action in probate. The motion to dismiss the claim pleaded the statute of limitations and the administrator introduced evidence in support of the plea. No objection was made by claimant in the lower court to the pleadings or the introduction of evidence to prove the claim was barred. The motion to dismiss was obviously

1256

treated by the parties as an answer to the original claim in probate. After claimant filed her two amendments in which she unsuccessfully attempted to allege peculiar circumstances entitling her to equitable relief, a hearing was had on the motion to dismiss the claim as amended. The issue submitted to the court for decision by the motion to dismiss was whether claimant had "yet pleaded or showed peculiar circumstances entitling her to equitable relief". Such peculiar circumstances were not pleaded.

Claimant appeared at all stages of the proceedings in resistance to the motion and made no objection to the pleadings in the court below and she cannot attack them for the first time on this appeal. There was no prejudicial error against claimant in the lower court.—Affirmed.

MITCHELL, C. J., and HALE, MILLER, RICHARDS, OLIVER, SAGER, HAMILTON, and BLISS, JJ., concur.