Des Moines Transportation Company, Appellee, v. Zillah C. Haring, Administratrix, Appellant.

No. 47028.

May 6, 1947.

Cook, MacLaughlin, Blair & Balluff, of Davenport, Arthur E. Sheridan, of Waukon, and Gleason, Ward & Orff, of Minneapolis, Minnesota, for appellant.

Lane & Waterman, of Davenport, and Cosson, Stevens, Hauge & Cosson, of. Des Moines, for appellee.

WENNERSTRUM, C. J.—This appeal involves an action for damages brought by plaintiff against the defendant, who is the administratrix of the estate of William G. Haring, for property damage to a truck owned by the plaintiff. It is the defendant's contention that plaintiff's cause of action is barred by reason of the provisions of section 635.68, 1946 Code (11972, 1939 Code). Defendant administratrix in. her answer pleaded as a defense that plaintiff failed to file its claim for damages in the probate proceedings of decedent's estate within six months after the date administratrix gave notice of her appointment and has not instituted suit against defendant other than the instant case. This issue was heard by the trial court in advance of the trial of the case on its merits. Rule 105, Rules of Civil Procedure. The court held that the evidence showed peculiar circumstances which entitled the plaintiff to equitable relief from the provisions and bar of the. statute of limitations. On application to this court the defendant administratrix was granted. permission to appeal. Rule 332(a), Rules of Civil Procedure.

The evidence presented to the trial court was by written stipulation of facts which are hereinafter summarized and set forth.

William G. Haring, a resident of Clinton County, Iowa, died intestate on April 8, 1945. His widow, Zillah C. Haring, was appointed administratrix of her husband's estate on April 28, 1945, and on that date she gave notice of her appointment by posting, pursuant to the clerk's 'direction. The decedent's death occurred at the time of or immediately after a collision between a truck owned and operated by him and a truck owned by the appellee company. The accident occurred on April 8, 1945, in Bettendorf, Scott County, Iowa. The stipulated evidence discloses the fact that the appellee, through its agents,

servants, and employees, knew of the death of Haring. It is further shown that the estate of the decedent is unsettled and that there are unpaid claims on file. On April 11, 1946, the administratrix obtained an order from the district court of Clinton County, Iowa, authorizing her to institute suit against the Des Moines Transportation Company, the appellee in the instant case, for the alleged wrongful death of the decedent. The administratrix then filed a petition in the district court of Scott County, Iowa, wherein the appellee company and David VanVacter, the driver of appellee's truck, were named defendants. No original notice of suit was served on either of defendants. It is further shown that at no time has the appellee in the instant case filed a claim on its alleged cause of action in the probate proceedings of decedent's estate nor has it instituted any action at law to recover on its alleged claim for damages other than the one which is involved in the instant case. This action was filed on August 20, 1946.

The trial court overruled the plea that the appellant's cause of action was barred by the statute of limitations and in its ruling and order stated, in part: (1) that no showing has been made by said administratrix that said estate is insolvent (2) that plaintiff's cause of action against the estate of William G. Haring, deceased, arose subsequent to the death of said decedent and that said cause of action was not in existence at the time of decedent's death (3) that plaintiff's cause of action is unliquidated and contingent in that the question of liability of the estate of William G. Haring, deceased, for damages can be established only after an adjudication is had thereon; that plaintiff's cause of action is in the nature of a counterclaim in the prior action brought by Zillah C. Haring, administratrix against Des Moines Transportation Company and David VanVacter, defendants, and (4) that the facts and circumstances disclosed by the evidence presented constitutes such peculiar circumstances as to entitle plaintiff to equitable relief from the limitations of the provisions of section 635.68, 1946 Code.

The order and ruling provided that the part of the appellant's amended and substituted answer pleading the bar of the statute of limitations should be dismissed.

It is the appellant's contention that the trial court erred in overruling the defense that the appellee's cause of action is barred by the period of limitations set out in the statute and that it erroneously ruled that the appellee was entitled to equitable relief from its provisions. ·

Section 635.68, 1946 Code (11972, 1939 Code), is as follows:

"When claims barred. All claims not filed as hereinbefore provided, within six months from the giving of the notice aforesaid, will be barred, except as to actions against decedent pending in the district or supreme court at the time of his death, or unless peculiar circumstances entitle the claimant to equitable relief."

I. The court's ruling and order on the appellant's pleaded defense of the statute of limitations was primarily based on the proposition that there were peculiar circumstances disclosed by the evidence which entitled the appellee to equitable relief. We deem it advisable to initially give consideration to the question whether there were such peculiar circumstances pleaded and proved as to entitle appellee to equitable relief.

The only pleading of the appellee relative to the allegations set forth in the appellant's answer as to the bar of the statute of limitations is found in its reply. It therein denies the allegations of that part of appellant's amended and substituted answer as to the failure of the appellee to timely file its claim in probate and that by reason of such failure to do so the claim was barred by the statutory period of limitations.

We have repeatedly held in consideration of probate claims that the burden is upon a claimant to allege and prove such peculiar circumstances as would be a justification for a failure to file and give notice of his claim before expiration of the statutory period. Anderson v. Storie, 208 Iowa 1172, 1173, 227 N. W. 93, 66 A. L. R. 1410; In re Estate of Palmer, 212 Iowa 21, 22, 23, 236 N. W. 58; Taylor v. Jackson, 213 Iowa 844, 846, 239 N. W. 519. It is not material that appellee filed its claim at law rather than in probate. Hanen v. Lenander, 178 Iowa 569, 571, 572, 573, 160 N. W. 18, and cases cited. Apparently the suit was brought in Scott county, where the accident occurred,

upon the theory that section 616.18, Code of 1946, allows such an action to be brought in the county where the injury was sustained. Appellant does not argue that this statute would not authorize a suit against her as administratrix in a county other than the one where she is acting as administratrix. Hence we do not decide that question. In the instant case there are no pleaded facts which in any manner seek to justify the failure to file the claim against decedent's estate. The stipulation does not disclose any evidence which excuses the failure to file a claim against decedent's estate prior to the expiration of the statutory period of limitations. Inasmuch as there were no such pleaded facts or proof we are constrained to hold that the trial court was in error in dismissing that portion of appellee's answer which pleaded the statute of limitations.

II. It has been suggested that inasmuch as appellee's action is one in damages growing out of the alleged negligence of the decedent there is no necessity for filing a claim within the limitation period provided by statute.

In the case of Hicks v. Wilbur, 38 R. I. 268, 272, 94 A. 872, 874, that court stated:

"A claim in tort, as to which a right of action arose immediately upon the doing of the wrong, may not be proved as a debt, but it is by no means a contingent claim. Whether the claimant in tort will recover is uncertain; but this is true of all claimants, whatever be the nature of their claims, whether for liquidated or unliquidated damages, or whether the claim arises in tort or in contract; and, if such claimants are allowed to recover, the amount of the damages which may be awarded is uncertain, but these circumstances do not render their claims contingent. A contingent claim within the meaning of the statute is one that depends for its effect upon some future event which may or may not happen. Until that event happens a right of action upon said claim does not arise.

"The evident purpose of the statute would be defeated if we should exempt from its operation persons having claims arising in tort or for unliquidated damages. Section 3, chapter 314, provides that: 'All persons having claims, including pending

suits, preferred claims, and claims of the executor or administrator, against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court.' We are of the opinion that under the broad language of this provision statements of claims arising in tort and of claims for unliquidated damages must be filed in the probate court or such claims will be barred.''

In the case of Mulligan v. Hilton, 305 Mass. 5, 6, 24 N. E. 2d 676, 678, 133 A. L. R. 376, the Massachusetts court, in commenting upon an automobile damage suit brought against a defendant's testator, in part, stated:

''Both the cause of action and the action survived. G. L. (Ter. Ed.) c. 228, §1; c. 230, §1. Treasurer & Receiver General v. Sheehan, 288 Mass. 468, 470 [193 N. E. 46, 96 A. L. R. 534]. But on January 19, 1936, though a new action as to the property damage may not have been barred by the general statute of limitations (G. L. [Ter. Ed.] c. 260, §§2[2], 4), a new action for either bodily injury or property damage was barred by the special statute of limitations requiring a creditor of a decedent to commence his action against the executor or administrator within one year after the giving of bond for the performance of the trust. G. L. (Ter. Ed.) c. 197, §9, as amended by St. 1933, c. 221, §4. One who has a cause of action in tort that survives is a 'creditor' within that statute. Brotkin v. Feinberg, 265 Mass. 295 [164 N. E. 85]. Nichols v. Pope, 287 Mass. 244, 246 [191 N. E. 387]. Lynch v. Springfield Safe Deposit & Trust Co., 300 Mass. 14 [13 N. E. 2d 611]. Gordon v. Shea, 300 Mass. 95, 99 [14 N. E. 2d 105]. Gallo v. Foley, 296 Mass. 306 [5 N. E. 2d 425]. No citation could be issued, under G. L. (Ter. Ed.) c. 228, §4, and §5 as amended by St. 1933, c. 221, §7, to bring the executor into the pending action as the defendant, because more than a year had elapsed since he gave his bond. The fact that the plaintiff was ignorant of the death did not extend the time limited by that statute. E. S. Parks Shellac Co. v. Jones, 265 Mass. 108, 111 [163 N. E. 883]. Nichols v. Pope, 287 Mass. 244, 246 [191 N. E. 387]. Bateman v. Wood, 297 Mass. 483, 484 [9 N. E. 2d 375].''

In the case of Pierce v. Johnson, 136 Ohio St. 95, 99, 23 N. E. 2d 993, 995, 125 A. L. R. 867, the Ohio court held that an unliquidated claim for damages resulting from an automobile accident does not come within the exception pertaining to contingent claims and that suit thereon must be instituted within the time provided by statute or be thereafter barred. It was also held in this last-cited case that a claim for damages was not contingent and that such a claim is "based on the theory that the event, the tort, giving rise to liability, has already occurred, and that a cause of action has already accrued and is in existence. A claim thus grounded [it was held] cannot be said to be contingent."

 III. We find no justification for the trial court's holding that it was incumbent upon the administratrix to show that said estate is insolvent. We have repeatedly held that the fact that an estate is solvent and unsettled is not such a peculiar circumstance as to come within the exception of the statute. Federal Land Bank of Omaha v. Bonnett, 226 Iowa 112, 119, 284 N. W. 97, and cases cited; Joy v. Woodbury County Sav. Bk., 226 Iowa 1251, 1255, 286 N. W. 443. We likewise do not find justification for the court's holding that the appellee's cause of action against the estate of William G. Haring arose subsequent to the death of the decedent and that the cause of action was not in existence at the time of decedent's death. The right of action arose immediately upon the doing of the wrong. Hicks v. Wilbur, supra; Blakeley v. Estate of Shortal, 236 Iowa 787, 791, 20 N. W. 2d 28. The trial court held that appellee's cause of action is unliquidated and contingent. It is conceded by the appellant that the claim is unliquidated. However, it cannot be held that an unliquidated claim such as appellee asserts is a contingent one. Hicks v. Wilbur, supra; Pierce v. Johnson, supra. Even if appellee's cause of action were contingent—and we do not so hold—it would be necessary to file a claim. Section 635.61, 1946 Code (section 11965, 1939 Code). See, also, Nichols v. Harsh, 202 Iowa 117, 209 N. W. 297, and cases cited. We are also unable to agree with the trial court that appellee's cause of action is in the nature of a counter-

claim in the prior action brought by Zillah C. Haring, administratrix, against Des Moines Transportation Company and David VanVacter, defendants. That was a separate suit and we do not see how the present action could in any way be deemed a counterclaim to it. We have commented in detail upon the trial court's holdings inasmuch as we have not been aided by a written brief and argument or an oral argument on behalf of appellee.

In some of our prior holdings we have commented upon evidence which did not justify the granting of equitable relief. For a review of these cases, reference is here made to In re Will of McPheeters, 233 Iowa 199, 8 N. W. 2d 588; Federal Land Bank of Omaha v. Bonnett, supra, 226 Iowa 112, 284 N. W. 97; First Trust Joint Stock Land Bank of Chicago v. Terbell, 217 Iowa 624, 252 N. W. 769; Anthony v. Wagner, 216 Iowa 571, 246 N. W. 748.

By reason of our holdings heretofore announced we have reached the conclusion that the plea of the bar of the statute of limitations by reason of appellee's failure to timely file a claim in probate should have been sustained. We therefore reverse.—Reversed.

All JUSTICES concur.