## McINTIRE v. McINTIRE.

1. **Practice:** PLEADING: SUFFICIENCY OF. An objection to the sufficiency of a pleading cannot be made for the first time in an instruction to the jury; it must be raised by motion, demurrer, pleading, or motion in arrest of judgment.

*Appeal from Muscatine District Court.*

FRIDAY, JUNE 7.

ACTION to recover possession of a threshing machine, on the ground that plaintiff was the owner thereof. The answer denied the several allegations in the petition, and by way of *counter-claim* alleged the defendant had been damaged in the sum of seven hundred dollars by reason of the suing "out of a writ of replevin against this defendant, and causing the same to be levied" on said machine. There was a jury trial, verdict and judgment for the defendant, and the plaintiff appeals.

*D. C. Cloud,* for appellant.

*J. Scott Richman* and *Thomas Hanna,* for appellee.

SEEVERS, J.—I. The fourth and fifth instructions recognize the principle, and authorize the jury to give the defendant damages for the wrongful taking and detention of the machine. It is urged these instructions, under the pleadings, are erroneous; that a counter-claim cannot be pleaded in an action of this character. Code, § 3226. Therefore the answer presented an immaterial issue, and should have been disregarded. The answer stated "that defendant, by way of counter-claim, * * claims of plaintiff * * seven hundred dollars, * * and that by reason of the wrongful and malicious suing out of said writ of replevin he has sustained damages to the amount aforesaid." To the answer there was a reply denying the allegations therein. No objec-

*1. PRACTICE: pleading: sufficiency of.*

tions were made to the answer, or to the evidence when introduced tending to show such damages, nor were any exceptions taken to the instructions at the time they were given. No motion in arrest of judgment was made, but there was a motion for a new trial, because there was error in giving the foregoing instructions.

Under these circumstances the objection came too late. If the machine was wrongfully taken and detained by the plaintiff, the defendant was entitled to damages, and it was the duty of the jury to assess the same, and judgment should have been rendered accordingly. Code, §§ 3238, 3239.

An objection to the sufficiency of a pleading cannot be raised for the first time by way of an instruction to the jury. *Nollen v. Wisner*, 11 Iowa, 191.

The objection should be made by motion, demurrer, reply, or in arrest of judgment. Code, § 2650.

II. It is next urged the verdict is against the evidence in this, that the jury assessed the value of the machine at one hundred dollars, and it is said the only testimony as to the value was that of the plaintiff, who stated as a witness it was worth nothing. The petition was under oath, and therein the plaintiff alleged the machine was worth three hundred and fifty dollars, and there was evidence as to the kind and condition thereof, and as to its rental value per year.

We are not prepared to say there was no evidence of value, or that the jury were bound to believe what the plaintiff stated as a witness, and totally disregard what he had stated as to the value of the machine in the petition under oath.

AFFIRMED.