## Kendig v. Overhulser.

1. **Practice:** DEFECT IN PLEADING: WAIVER OF. An objection apparent upon the face of the petition, which is not taken by demurrer, will be deemed waived; and this court will not determine a cause adversely to a party, because of an omission in the statement of his cause of action, when the point was not presented to, or passed upon by, the court below.

2. ———: ASSIGNMENT OF ERRORS. An assignment of errors, which specifies the instructions objected to as the instructions numbered 3, 4, 5, etc., is sufficiently specific; and where appellant filed an amended and specific assignment of errors ten days before the term, and duly served notice thereof, it is in time and will be considered.

3. **Damages:** CHARGE IMPUTING CRIME: DEGREE OF PROOF. Where, in an action for damages, the charge against the defendant imputes to him a crime, the plaintiff, in order to maintain his action, need not prove such charge beyond a reasonable doubt.

4. **Practice:** PLEADING: PROOF. In an action for damages for negligently setting out fire, the defendant, under a general denial, may prove that he was not negligent, and to that end may show whatever acts of prudence and caution he employed.

*Appeal from Adair Circuit Court.*

FRIDAY, APRIL 21.

THE plaintiff alleges, in substance, in his petition, that the defendant, on the 8th day of March, 1879, negligently set fire to a large stack of straw in a stubble field on land owned and occupied by defendant, and negligently permitted said fire to burn until the 12th day of March, when it spread through the stubble in the field where it was situated, upon land of plaintiff, and destroyed a large amount of property, for which plaintiff asks damages in the sum of $1,500. The answer of the defendant is a general denial. There was a jury trial, resulting in a verdict and judgment for the defendant. The plaintiff appeals.

*McCaughan & Dabney*, for appellant.

*A. W. C. Weeks*, for appellee.

DAY, J.—I. The appellee insists that the appellant is not entitled to have any of the errors assigned reviewed, because the petition does not allege facts constituting a cause of action. It is urged that the petition is defective in that it does not allege that the plaintiff was free from contributory negligence, nor that the defendant negligently allowed the fire to escape. If it should be conceded that the petition is defective in the particulars named, still this defect, in our opinion, does not constitute a reason why the judgment should be affirmed, notwithstanding errors of law committed during the trial. No objection was taken to the petition in the court below in any manner. An objection apparent upon the face of a petition, which is not taken by demurrer, is deemed waived. Code, § 2650; *Young v. Broadbent*, 23 Iowa, 539; *Murphy, Neal & Co. v. Creighton*, 45 Iowa, 179; *McIntire v. McIntire*, 48 Iowa, 511. The only exception to this rule is, that where the facts stated in the petition do not entitle the plaintiff to any relief whatever, advantage may be taken of the defect by motion in arrest of judgment, before judgment. Code, § 2650. The appellee claims, however, that as the verdict was in his favor, he had no opportunity to move in arrest of judgment. He did, however, have an opportunity to demur. If he had done so, and the petition been held defective, the defect would doubtless have been remedied by an amendment. The result of the defendant's not having had an opportunity to move in arrest of judgment is, not that he shall be allowed to insist upon other objections here, not made in the court below, but that he shall be regarded as having waived the defect in the petition, because he did not raise it by demurrer, which, the event of the trial has shown, was the only way available to him. It is not the policy of our system of administering

*(margin note:* I. PRACTICE: defect in pleading: waiver of.*)*

justice, to deprive a party of a substantial right, merely on account of an omission or defect in the statement of his cause of action in his petition, nor to determine his cause adversely to him in this court, upon a point not passed upon by, nor presented to, the court below.

II. The appellee insists that the assignments of error are not sufficiently specific. The third and fourth assignments

2. ——: as-signment of errors.

of error are as follows: "3d. The court erred in giving to the jury instructions given by the court and numbered as follows, to-wit: those numbered 3, 4, 5, 6, 7, 7½, 8, 9, 10, 11, 12, 13, 14 and 15. 4th. The court erred in instructing the jury that before plaintiff could recover, defendant's negligence and want of proper caution must be established beyond a reasonable doubt." That these assignments are sufficiently specific, see *Sherwood v. Snow, Foote & Co.*, 46 Iowa, 481. Besides, more than ten days before the term at which this cause was submitted, the appellant filed an amended and specific assignment of errors, and duly served the appellee with notice thereof. That an amended assignment of errors so filed is in time, under the statute, and will be considered, see *Brown v. Rose*, 55 Iowa, 734.

III. The court instructed the jury that the charge against the defendant imputes to him a crime, and that the plaintiff,

3. DAMAGES: charge im-puting crime: degree of proof.

to maintain his action, must prove beyond a reasonable doubt that the fire, which occasioned loss to him, originated immediately and proximately from the fire kindled by defendant in his straw stack, and that the defendant, in burning his straw stack, did not use due care and diligence to prevent the escape of the fire. It is probable, that in giving these instructions, the court followed the rule announced in *Barton v. Thompson*, 46 Iowa, 30. But that case has been overruled. See *Welch v. Jugenheimer*, 56 Iowa, 11.

IV. It is claimed that, conceding the instructions to be erroneous, the error is without prejudice, under the special

findings. The jury found specially, that the fire which destroyed the plaintiff's property, originated from a stack of straw fired by the defendant, but that the defendant, in setting fire to his straw stack and guarding it afterwards, used due care and caution to prevent its spread. The court instructed the jury that the burden was upon the plaintiff to prove that the defendant did not use due care and caution to prevent the spread of the fire, and that he must establish this fact beyond a reasonable doubt. It is apparent, therefore, that the special finding that the defendant used due care and caution, may have been occasioned by the erroneous instruction as to the degree of proof.

V. It is claimed that the court erred in allowing the defendant, under a mere denial of the allegations of the peti-

4. PRACTICE: pleading: proof. tion, to prove acts tending to show the exercise of care in putting out the fire, and in efforts to prevent its escape. It is insisted that this is matter of affirmative defense, which, to be available, must be specially pleaded. It was incumbent, however, upon the plaintiff to prove that the defendant was negligent either in placing out the fire, or in failing to guard against its escape. Under the general denial the defendant may prove that he was not negligent, and one mode of doing this is to show affirmatively what acts of prudence and caution he employed. There was no error in admitting the evidence under consideration. For the error in the instructions the judgment is

REVERSED.