ESTATE OF PETER SCHRAM, Appellee, v. LOUIS H. KISSINGER, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Claims—Belated Presentation. An application to file a claim against an estate long after the expiration of the time provided by statute is properly denied (1) when claimant at all times knew that the estate was being settled,

and (2) when claimant manifestly intended, at one time, to rely solely on his security, and sought to file his claim as the result of a belated afterthought. (See Book of Anno., Vol. 1, Sec. 11972, Anno. 36 *et seq.*)

**Headnote 1:** 24 C. J. p. 367.

*Appeal from Woodbury District Court.*—MILES W. NEWBY, Judge.

### FEBRUARY 16, 1926.

CLAIM in probate. It was filed and presented after the expiration of one year from the date of the notice of administration. Alleged equitable circumstances are pleaded as grounds for permission to file the claim, notwithstanding the expiration of the time. The trial court denied the application, and the claimant appeals.—*Affirmed.*

*Farr, Brackney & Farr,* for appellant.

*Griffin, Griffin & Griffin,* for appellee.

EVANS, J.—In June, 1919, the deceased, Peter Schram, entered into a contract of purchase from the claimant, Kissinger, of a tract of land in Nebraska, containing slightly less than 480 acres, at the price of $40 per acre, amounting to a sum total of $19,100. $2,100 of the agreed price was paid. The contract was to be fully performed on March 1, 1920. Of the purchase price, $8,000 was to be obtained by Kissinger by means of a first mortgage loan upon the tract. The tract was to be conveyed subject to this mortgage on March 1, 1920, upon which date Schram was to pay the balance of the purchase price. Schram died in October, 1919, leaving a family of five minor children. Walling was appointed as executor in December. The statutory period of one year for filing claims expired December 2, 1920. This claim was not filed until June, 1924. There was no lack of knowledge on the part of Kissinger concerning the death of Schram and the progress of the administration of his estate.

The equitable circumstances relied on in the application

presented by him. may be summarized as follows: (1) That the executor Walling had promised to file the claim; (2) that the claimant supposed that such claim had been filed by the executor; (3) that the estate is still open and unsettled, and that the allowance of the claim would work no injury to any other person.

The evidence does not sustain the foregoing grounds. The argument for claimant is predicated only on statements contained in the brief itself. The facts appearing in the record are that, prior to March 1, 1920, both Walling and Kissinger believed that the land was worth more than $40 an acre, and that the interest of Kissinger would not be subserved by filing any claim. He held the legal title to the land and the possession thereof, and he has continued to so hold ever since. He was protected by a forfeiture clause in the contract. To avoid a forfeiture, Walling paid, on February 27, 1920, $2,700. At a later time, and long after the expiration of one year, he paid the further sum of $500. Walling listed the contract in his inventory as "personal property." He proposed that Kissinger should sell and convey the land to some other purchaser. Kissinger assented to this, with the understanding that he should receive one half of the profits in the transaction. When he failed to find a suitable purchaser at the price ($50 per acre), the oral agreement was modified to the effect that, in the event of a sale by Kissinger, he should receive all the profit. At this stage, Walling was content if he could save the estate from loss. No purchaser was found at any price. At the hearing below, the claimant introduced evidence of the present value of the tract at from $35 to $40 per acre. The contention for the appellee in argument is that the allowance of this claim against the estate would render it insolvent. But the record itself does not disclose either the assets or the net worth of the estate. On the other hand, the claimant has not shown that the allowance of his claim would not operate to the prejudice of other creditors.

No other inference is fairly deducible from the actual record than that Kissinger knew at all times that his claim was not filed, and that he relied primarily upon the security of his contract. He has received $5,300. The contract has been sub-

ject to forfeiture at all times since March 1, 1920, and is subject thereto now. According to the testimony introduced by him, the land is now worth the original contract price. The executor deems it to be worth much less, and deems it to the interest of the estate to suffer a forfeiture of the $5,300 paid.

We deem it clear, upon the record, that at no time during the year for filing claims did Kissinger intend to file his claim, or deem it to his interest to file the same. He has not at any time been deceived or mistaken as to any material fact pertaining to his rights. The only surprise which he has suffered has been the persistent depreciation in the value of the subject-matter of the contract.

The claimant's special reliance for authority in support of. his claim is *Wilcox v. Jackson,* 57 Iowa 278. We find no substantial support for him in the cited case. In that case, the claimant did have reason to believe that his claim had been filed within the initial six months. He did file it later, before the expiration of one year. He was unable to bring the claim to a hearing within the one year, because the executor of the estate interposed a defense, and because the trial docket of the court and the pending cases thereon took priority over the claimant's case, and rendered it impossible for him to bring the same to a hearing.

On the other hand, the following cases are more to the point, and are quite controlling against the claimant: *In re Estate of Fatland,* 197 Iowa 1231; *Bentley & Olmstead v. Starr,* 123 Iowa 657; *Colby v. King,* 67 Iowa 458.

We think that the trial court properly denied the application for leave to file.

Its order is, accordingly,—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.