IN RE WILL OF WALTER P. MCPHEETERS.

MYRTLE JOHNSTON, Appellant, v. ZELMA I. MCPHEETERS, Administratrix, Appellee.

No. 46243.

April 6, 1943.

Oscar Strauss, of Des Moines, for appellant.

Henry E. Sampson, of Des Moines, for appellee.

Mantz, J.—There is involved herein a claim of Myrtle L. Johnston against the estate of Walter P. McPheeters, deceased, and against Zelma I. McPheeters, administratrix with the will annexed of said estate. The claim was filed in probate and upon motion of the claimant was transferred to equity and was tried and determined by the lower court in that forum.

The records in this case show that Myrtle L. Johnston, the claimant, and Walter P. McPheeters, now deceased, were married in Kansas in 1912, and continued to live together as husband and wife until the 1st day of June 1922. On March 17, 1926, in the circuit court of Clay County, Missouri, upon her petition, claimant was awarded a decree of divorce from Walter P. McPheeters, and in said decree was given the exclusive care, custody, and control of a minor child, Josephine McPheeters, then seven years of age. In said decree Walter P. McPheeters was ordered to pay to claimant for the support and maintenance of

said child the sum of $30 per month and execution was ordered to issue therefor.

Later Walter P. McPheeters' moved to Des Moines, Iowa, and married. He died testate, a resident of Polk County, Iowa, on the 16th day of August 1941. On September 16, 1941, his will was admitted to probate in the district court of Polk County, Iowa, and his widow, Zelma I. McPheeters, was appointed administratrix with the will annexed. Said administratrix qualified as provided by law and on September 17, 1941, gave due and legal notice of her appointment. On July 11, 1942, said administratrix filed a final report in said estate.

On June 27, 1942, Myrtle L. Johnston, claimant, filed in the estate a claim for the sum of $1,890 as being due from the deceased on account of his failure to make the payments as provided in the decree of divorce of March 16, 1926. She asked that said amount with interest be allowed. Attached to said claim were duly authenticated copies of the court proceedings in Missouri wherein claimant was divorced from the decedent. On July 21, 1942, claimant filed what was termed a petition and claim wherein she alleged that at the date of his death the said Walter P. McPheeters was indebted to her in the sum of $1,890, with interest, and made said claim a part of her petition. She pleaded that the will of Walter P. McPheeters was probated on September 16, 1941, and notice of the opening of said estate was given on September 17, 1941. Claimant further alleged that for many years she had been a nonresident of Iowa and that at the time of the death of Walter P. McPheeters and the granting of the administration of his estate she was a resident of the state of Colorado. Claimant further alleged that the estate was still open and was not fully administered, was solvent, and that there was property belonging to the estate subject to administration more than sufficient to pay all claims against it, including that of claimant.

Claimant further pleaded, by way of an amendment, that on July 1, 1941, the Iowa law [section 11972, Code, 1939] was changed whereby the time for the filing of claims against estates was reduced from a period of twelve months following the opening of an estate to a period of six months [chapter 301, section 2, Acts of the Forty-ninth General Assembly] ; that the law per-

mitting the filing of claims against estates within twelve months had long been on the statute books, and that she was wholly without knowledge or notice of the change and was without such contact as to put her on notice of the change; that her claim herein was filed within approximately nine months after the posting of the notice and well within the year as provided in the statute prior to the amendment referred to; that by reason of the foregoing she did not file her claim within the six-months' period following the notice of appointment of the administratrix herein, and she alleged that such delay and belated filing has not prejudiced and cannot prejudice said estate, and she repeated the prayer of her claim as first filed.

On August 25, 1942, claimant filed another amendment to her claim and stated that during the period between October 1933 and December 1938 the said Walter P. McPheeters failed to comply with the order of the court to make payment of $30 per month for the support of his minor child and that said support and maintenance were supplied by the claimant out of her own funds, and that the reasonable value of such support and maintenance is the sum of $3,000, and she asked that her prayer for relief contained in the petition and claim be granted.

On October 7, 1942, claimant filed an amendment to her claim as amended, and stated that from and after thirty days from the date of the death of Walter P. McPheeters the administratrix had knowledge of her claim as asserted therein. In said amendment claimant made each and every order and filing in the estate a part of the claim and renewed the prayer of her petition and claim.

On September 4, 1942, on the application of claimant, the matter of her claim was transferred to equity. On October 6, 1942, the administratrix filed a motion to dismiss claimant's petition filed July 21, 1942, and in said motion set out the various grounds therefor. The principal ground of said motion to dismiss was based upon the failure of the claimant to file her claim within the statutory period as set forth in section 11972 of the Code of 1939, as amended by chapter 301, section 2, Acts of the Forty-ninth General Assembly; also that the estate had been fully administered and settled and distribution made at the time

said claim was filed. In short, the administratrix asserted that the claim was barred by the statute of limitations, and there was no showing made entitling claimant to an allowance of her claim. On October 9, 1942, said motion to dismiss was sustained in the lower court and judgment for costs was entered against the claimant. From this order of the court sustaining said motion to dismiss, the claimant has appealed.

Boiled down, the pleaded facts show that Walter P. McPheeters, a resident of Polk County, Iowa, died testate on August 16, 1941. His will was probated in the district court of Polk County, Iowa, on September 16, 1941, and his widow, Zelma I. McPheeters, was appointed administratrix with the will annexed; she qualified and gave notice of her appointment on September 17, 1941, and thereupon proceeded to the settlement of said estate. At the time of the death of Walter P. McPheeters appellant herein had a claim against the decedent for failure to pay for the care and support of the minor child as provided in the decree of divorce. Appellant, prior to and at the death and after the opening of the estate, was a nonresident of the state of Iowa and was a resident of the state of Colorado. On June 27, 1942, appellant filed a claim against the estate for $1,890, with interest, and asked for an allowance of said amount, and thereafter various amendments were filed to said claim, the last amendment reciting that the appellant, by reason of the failure of the said Walter P. McPheeters to pay the support of said minor child, had advanced the cost of said support and maintenance and that such was reasonably worth the sum of $3,000, and asked that the claim be allowed.

Appellant concedes that the claim was not filed within the statutory period and that it was not filed until practically ten months following the opening of the estate. Appellant alleges that at the time the estate was opened she was a nonresident and had no knowledge or information that the law wherein claims against estates had to be filed within the period of six months following the opening of the estate had been changed, and alleges that such delay in filing has not prejudiced and cannot prejudice the estate.

The statute dealing with the filing of claims in estates, in effect at the time of the death of Walter P. McPheeters and the

opening of his estate (section 11972, Code, 1939, as amended by chapter 301, section 2, Acts of the Forty-ninth General Assembly) reads as follows:

"All claims not filed as hereinbefore provided, within six months from the giving of the notice aforesaid, will be barred, except as to actions against decedent pending in the district court or supreme court at the time of his death, or unless peculiar circumstances entitle the claimant to equitable relief."

The decisive question in the case is whether or not appellant has pleaded sufficient peculiar circumstances to have her claim tried in the same manner as claims filed within the statutory period. The burden is upon appellant to make such showing. The circumstances, as above set forth, upon which she relies, are her nonresidence, no notice or knowledge of the change in the law, and that no prejudice was suffered by the estate by reason of her delay in filing.

This court has been frequently called upon to determine whether certain facts and circumstances are sufficiently peculiar to entitle a party to equitable relief under the statute. No fixed rule has been adopted as to the facts necessary to arrest the operation of the statute. It is apparent that as each case rests upon its own facts it must be considered in a measure upon its own merits. Roaf v. Knight, 77 Iowa 506, 42 N. W. 433. The holding in that case upon such point has been approved in a long line of cases, the last being the case of Federal Land Bank v. Bonnett, 226 Iowa 112, 284 N. W. 97. In the Roaf case the claimant was a nonresident of the state of Iowa, being a resident of the state of Massachusetts. She made inquiry through attorneys in Massachusetts, who gave her incorrect advice. The court held that this was not a peculiar circumstance within the meaning of our statute. See, also, In re Jacob's Estate, 119 Iowa 176, 178, 93 N. W. 94; In re Estate of Palmer, 212 Iowa 21, 236 N. W. 58. In the Jacob's Estate case the court said:

"We have often had occasion to determine what circumstances entitle a claimant to equitable relief under this section; but, without reviewing the cases, which are of necessity based upon the peculiar facts involved in each, it is enough to say that

we find no case where equitable relief from the bar of the statute has been granted without some showing of diligence, or at least some excuse for failure to exercise diligence. In this case there is no showing of any diligence whatever. There is no valid, or even plausible reason why the officers of the county did not, within the year, serve notice of the hearing of the claim."

The part just quoted has been cited with approval in the case of Lucas v. Ruden, 220 Iowa 494, 260 N. W. 60. Also, see, Anderson v. Storie, 208 Iowa 1172, 227 N. W. 93, 66 A. L. R. 1410.

In the present case there is absolutely no pleading showing diligence on the part of appellant in seeking to have her claim filed or allowed. She pleads nothing to show that she was in any way misled or misinformed by either the administratrix or the attorney for the estate. She pleads nonresidence, lack of notice of the change in the law, and the fact that the estate was unsettled and that there were funds sufficient to pay the claims against the estate, including her own claim. These, in and of themselves, do not meet the requirements of the law; there must be a showing of diligence or some valid excuse for failure thereof. The record fails to make any such showing.

We will briefly refer to the point made by appellant that the estate was unsettled when this claim was sought to be filed and that no prejudice could result in allowing it to be filed. In the amendment to her claim, filed on October 7, 1942, appellant made all of the applications, orders, and files in the estate a part of her claim. An examination of the records shows that at the time appellant sought to file her claim the estate was practically settled. The records show that the administratrix made a final report in this estate on July 6, 1942. In said report she charged herself with all receipts and therein showed payment of the expenses of the last sickness and funeral, claims filed against the estate, expenses of administration, and the bequests as made in the will of decedent. Such payments had been made prior to June 27, 1942. This final report shows that for all practical purposes the estate is substantially closed and little remains to be done therein. We can see no merit in the claim of appellant that the estate was unsettled which would entitle her to have the

claim filed. This court has held many times that the matter of the estate being unsettled, or otherwise, is not in itself controlling as a peculiar circumstance required to be shown in order to permit the consideration of a claim not filed within the statutory period. Estate of Schram v. Kissinger, 201 Iowa 324, 207 N. W. 355; First Trust JSL Bk. v. Terbell, 217 Iowa 624, 252 N. W. 769.

The appellant in brief and argument concedes that there was a failure to file the claim within the statutory period. She argues that since the change in the statute, the pronouncements of this court relating to the filing of claims made prior to the change in the statute are to be given a different interpretation by reason of such change. She calls attention to the fact that in the same chapter making the change (chapter 301, Acts of the Forty-ninth General Assembly) there was a change made regarding orders of the court granting allowances to widows and minors in certain estates. Before the change it was provided that in appropriate cases the court could make such allowances to widows and minor children for their support for twelve months from the date of death. After the change it was provided that such allowances for support could be allowed for the *period of administration* but not to exceed twelve months from the time of the death. Code, section 11923, as amended. Obviously, the legislature, in including in section 11923 the words "period of administration" intended to make said section as amended conform to section 11972 as amended. When such allowance is granted, the period for which it may be made will be limited to the period of administration, not exceeding twelve months from the date of death. The purpose of such allowance is to provide for the widow and minors between the time of the death and the closing of the estate with the twelve-months' limit. We find ourselves unable to agree with appellant in respect to her claim that the changes made by chapter 301 of the Acts of the Forty-ninth General Assembly call for a different interpretation of the prior holdings of this court, or that such change conferred the right to file claims against an estate beyond the period of six months following the opening of the estate.

Considering all of the allegations set forth in the claim of appellant and the various amendments thereto, we are of the

opinion that the appellant failed to plead sufficient facts and circumstances to justify the application of the rule as contended by her. It seems to us that the showing as made in the pleadings falls far short of being sufficient to warrant this court in holding otherwise. It is our opinion that the district court, in sustaining the motion to dismiss, did not err. Therefore, the holding of that court is affirmed.—Affirmed.

All JUSTICES concur.