DONALD GROSS, ancillary administrator of estate of PAUL GROSS-
HUESCH, appellant, v. FRED HOCKER and ALICE GROSS-
HUESCH, administratrix of estate of CALVIN
GROSSHUESCH, appellees.

## No. 48001.

(Reported in 51 N.W.2d 466)

FEBRUARY 5, 1952.

Steward & Crouch, of Des Moines, for appellant.

Westfall, Laird & Burington, of Mason City, for appellee Fred Hocker.

Breese & Cornwell, of Mason City, and Leming & Hobson, of Hampton, for appellee Alice Grosshuesch, administratrix.

GARFIELD, J.—On September 26, 1949, Paul Grosshuesch, a Wisconsin resident, was riding in an automobile driven by his brother Calvin when it collided with a truck driven by Fred Hocker in Franklin County, Iowa. Paul and Calvin died from injuries received in the collision. Plaintiff was appointed and qualified in Wisconsin as administrator of Paul's estate. On January 30, 1951, plaintiff filed petition in the district court of Franklin County for appointment as ancillary administrator there and that court ordered, "Let appointment be made as prayed upon filing bond of $1000 to be approved by the clerk."

Also on January 30 plaintiff commenced this law action in the district court of Hancock County, Iowa, where Calvin resided, against Hocker and Alice Grosshuesch, administratrix of Calvin's estate, to recover for Paul's death, alleging it was caused by negligent driving of Hocker and Calvin. (It was claimed Paul was not Calvin's guest within the meaning of section 321.494, Code, 1950, which limits liability to driving recklessly or under influence of liquor.)

Calvin's administratrix answered that plaintiff's claim against her was barred because not filed within six months from

the giving of notice of her appointment as required by Code section 635.68. Allegations of plaintiff's reply designed to state peculiar circumstances entitling him to equitable relief from the bar of 635.68 were stricken as insufficient. Under rule 332, Rules of Civil Procedure, we granted plaintiff an appeal from this ruling, and the propriety thereof is now before us.

On March 12, 1951, defendant Hocker moved to dismiss plaintiff's petition because it fails to state plaintiff was the duly appointed *and qualified* ancillary administrator in Iowa of Paul's estate and he therefore had no right to sue. In this connection it is agreed plaintiff did not qualify as ancillary administrator by filing his oath and bond until March 5, 1951. Hocker's motion to dismiss was sustained, and plaintiff has also appealed from this ruling.

I. We think it was error to dismiss the petition upon the ground asserted. We will assume, without so holding, defendant Hocker could in this action challenge plaintiff's appointment and qualification as ancillary administrator. The petition alleges and the motion to dismiss admits plaintiff is the duly appointed, qualified and acting administrator in Wisconsin where Paul was domiciled.

It is the general rule in Iowa and elsewhere that a foreign administrator cannot, in the absence of statute, maintain an action in another state, such as Iowa, to recover assets of the estate. Knight v. Moline, E. M. & W. R. Co., 160 Iowa 160, 163, 140 N.W. 839, and citations; Finnerty v. Shade, 210 Iowa 1338, 1342, 228 N.W. 886; Restatement, Conflict of Laws, section 507; 34 C. J. S., Executors and Administrators, section 1008a(1); 21 Am. Jur., Executors and Administrators, section 852.

The underlying reason for this rule is that a state will not allow property within its jurisdiction to be so taken by a foreign administrator as to deprive its own citizens of opportunity to enforce their claims against it. The rule does not arise from any want of legal right in the foreign administrator or lack of inherent authority in the court to accord him recognition. See authorities last above, also Ghilain v. Couture, 84 N. H. 48, 146 A. 395, 65 A. L. R. 553, 557–559, and citations.

That the reason for the rule is as above stated is indicated in the requirement of Code section 633.51 that a foreign ad-

ministrator in order to be appointed ancillary administrator in Iowa must give bond "conditioned for the payment of all claims allowed to residents of the state, and * * * all legacies and distributive shares coming to such residents, so far as the assets thereof shall extend * * *" and the provision of 633.52 that the court "may require payment of all claims * * * belonging to residents of this state, and of all legacies or distributive shares payable to such residents, before allowing the estate to be removed from the state."

█ The basic reason for the above general rule has no application to an action for damages for wrongful death where decedent leaves a spouse, child or parent. In such event "damages recovered therefor * * * shall not be liable for the payment of debts." Code section 635.9. Accordingly it is usually held that a foreign administrator may maintain such an action as this since in doing so he acts as a mere trustee for particular beneficiaries, the cause of action is not an asset of the estate in the ordinary sense and resident creditors of decedent are in no way prejudiced.

In support of our holding see Knight v. Moline, E. M. & W. R. Co., supra, 160 Iowa 160, 140 N.W. 839, and citations; Janes v. Sackman Bros. Co., 2 Cir., N. Y., 177 F.2d 928, 933; Wallan v. Rankin, 9 Cir., Cal., 173 F.2d 488, 493; Ghilain v. Couture, supra, 84 N. H. 48, 146 A. 395, 65 A. L. R. 553, and annotation 563; Wiener v. Specific Pharmaceuticals, 298 N. Y. 346, 83 N.E.2d 673, and citations; Kerr v. Basham, 62 S. D. 301, 252 N.W. 853; 16 Am. Jur., Death, sections 265, 266. See also Cooper v. American Airlines, 2 Cir., N. Y., 149 F.2d 355, 162 A. L. R. 318; 25 C. J. S., Death, section 58b.

We approve this statement from Wiener v. Specific Pharmaceuticals, supra, at page 351 of 298 N. Y., page 675 of 83 N.E.2d: "The rule barring foreign administrators from our courts is just and reasonable *only* if applied in cases, first, where there are domestic creditors, and second, where the foreign administrator sues to recover a fund in which such creditors may share."

█ Since the fatal collision occurred in Iowa our law governs the right of action for death. Restatement, Conflict of Laws, section 391. And see authorities, supra. Neither Code section 635.9

nor any other statute requires such an action as this to be brought by an administrator appointed in Iowa. Nor does any principle of state policy so demand where a spouse, child or parent survives. In enacting section 635.9, as applied to a case where a spouse, child or parent survives, the legislature could not have been influenced by a general rule which has its justification in the protection of resident creditors. See Ghilain v. Couture, supra, and citations; Kerr v. Basham, supra.

It is true plaintiff's petition does not allege Paul is survived by a wife, child or parent and does allege his *estate* has been damaged in the sum of $25,000. But neither of these facts forms any basis for the motion to dismiss or for defendant Hocker's argument here. The motion is based solely on the ground plaintiff was not the appointed and qualified ancillary administrator in Iowa when suit was started.

The ruling on the motion to dismiss will not be upheld here on a ground not asserted in the trial court. Middle States Util. Co. v. City of Osceola, 231 Iowa 462, 467, 1 N.W.2d 643, 646; Phinney v. Montgomery, 218 Iowa 1240, 1246, 1247, 257 N.W. 208, and citations; Buser v. City of Cedar Rapids, 115 Iowa 683, 686, 87 N.W. 404; Wilson v. Palo Alto County, 65 Iowa 18, 22, 23, 21 N.W. 175; Kendig v. Overhulser, 58 Iowa 195, 12 N.W. 264. No opinion is expressed as to whether the motion to dismiss should have been sustained if additional grounds had been urged in support of it.

Further, counsel for Hocker have not denied plaintiff's assertion in both written and oral argument that under section 635.9 any recovery would not be subject to decedent's debts nor have they attempted to meet the argument that his appointment and qualification as administrator in Wisconsin entitled plaintiff to bring this action.

We feel, therefore, we may assume any recovery in this action would not be subject to the claims of Paul's creditors. Accordingly we hold, under the authorities heretofore cited, plaintiff could maintain this action as the Wisconsin administrator.

II. We also think plaintiff was entitled to maintain this suit as ancillary administrator in Iowa even though he did not qualify as such by filing oath and bond until March 5 and his

appointment may not have been complete until then. It appears from the motion to dismiss and is admitted he was then the duly appointed and qualified administrator in Iowa. This was less than five weeks after the action was started and seven days before the motion to dismiss was filed.

Plaintiff was at all times the domiciliary administrator in Wisconsin. As such he was entitled to apply for ancillary administration in Iowa. Code section 633.50; Knight v. Moline, E. M. & W. R. Co., supra, 160 Iowa 160, 164, 140 N.W. 839. However, his appointment as ancillary administrator here added nothing to his legal title to the claim in question. Defendant Hocker could make his defense to this action as well as to another that might be commenced the next day. No one was prejudiced by plaintiff's delay in qualifying as ancillary administrator. Since he was duly appointed and qualified before the motion to dismiss was filed, it was not material whether his appointment was complete or he was qualified when suit was started.

These views find support in Wells v. Stomback, 59 Iowa 376, 13 N.W. 339; Myers v. Chicago, B. & Q. R. Co., 152 Iowa 330, 332, 131 N.W. 770, 771 ("Had the original plaintiff been substituted as administrator of the estate of decedent, there could be no doubt of the propriety of the ruling permitting this to be done."); Brandenburg v. Carmichael, 192 Iowa 694, 185 N.W. 486; Leahy v. Haworth, 8 Cir., Neb., 141 F. 850, 853, 4 L. R. A., N. S., 657, and citations; Hodges v. Kimball, 4 Cir., Va., 91 F. 845, and citations; Gould v. Suburban Gas & Elec. L. Co., D. C. Mass., 243 F. 930; Dodge v. Town of North Hudson, C. C., N. Y., 188 F. 489, 493 (action for wrongful death where it is said: "* * * ancillary letters subsequently issued to the same person who obtained principal administration entitles such person to continue and prosecute the action already brought by the domiciliary administrator in the foreign state."); annotation 135 A. L. R. 325, 352 ("In some jurisdictions it has been held that where the action for death * * * should have been begun in the name of the executor or administrator * * * the proper person or persons may be substituted as plaintiff." Iowa is cited as among such jurisdictions.)

Leahy v. Haworth, supra, states at page 853 of 141 F.: "He was, by virtue of his appointment in Great Britain, the holder

and owner of the note secured by the mortgage, and had a duty imposed upon him by law to collect it. No appointment as ancillary executor in Nebraska could add anything to his legal title or to his right to collect the same. Such ancillary administration is required as a matter of public policy to insure the satisfaction of local creditors out of local assets before they are withdrawn from the state or turned over to the domiciliary administrator for that purpose. This policy is equally subserved, whether the appointment as executor actually occurs before or after the institution of the suit, provided, only, that it shall be made before trial. From these considerations it is obvious that whether the appointment of an ancillary executor be made before the bringing of a suit or afterwards, but before the trial, is purely formal and technical."

It is true Leahy v. Haworth, supra, was in equity. However, as said in Hodges v. Kimball, supra, at page 847 of 91 F., "Just what good reason there is for allowing the amendment in equity, and not at law, does not seem apparent."

34 C. J. S., Executors and Administrators, section 1008a(1), page 1257, states: "In equity it is a settled rule that, where a foreign executor or administrator brings a suit without first obtaining ancillary letters in the jurisdiction in which he sues, a grant of letters subsequently obtained is sufficient to sustain the suit, if no objection on account of his incapacity had been taken * * *. A similar rule has been applied in actions at law, although there is also authority for the [contrary] view."

III. We will summarize the allegations of plaintiff's reply to the answer of Calvin's administratrix designed to state peculiar circumstances entitling plaintiff to equitable relief from the bar of Code section 635.68. This statute requires claims like this to be filed within six months from the giving of the administrator's notice of appointment "unless peculiar circumstances entitle the claimant to equitable relief." As stated, the allegations of the reply were stricken as insufficient.

The collision occurred September 26, 1949. Notice of Alice's appointment as Calvin's administratrix was first published February 22, 1950. She commenced action against Hocker in Franklin County March 1, 1950, to recover for Calvin's death. Hocker in turn counterclaimed against Alice as administratrix and filed

cross-petition against Donald Gross, plaintiff in the present suit, as Paul's administrator in Wisconsin, claiming the collision was caused by Calvin's negligence and Paul was also chargeable therewith. Hocker sought to obtain jurisdiction over Gross as Wisconsin administrator under Code section 321.501 by filing notice of his cross-petition with the state commissioner of public safety and mailing notification to Gross.

May 12, 1950, Gross appeared specially to attack the jurisdiction of the Franklin County court on the ground he was not subject to service of notice under 321.501 and related sections. November 6, 1950, this special appearance was sustained. After the thirty days allowed for appeal from such ruling and with reasonable promptness, under the circumstances, plaintiff started the present action January 30, 1951. Calvin's estate is unsettled, its only assets, including Alice's claim against Hocker, are exempt from claims of creditors, except that Calvin carried liability insurance. Plaintiff will look only to the proceeds of said insurance for the satisfaction of any judgment he may obtain against Calvin's estate and will not diminish the amount any other creditor might receive from the estate or insurance proceeds. The only other claim filed in Calvin's estate is that of Hocker for damages he received in the collision.

Plaintiff's reply also alleges as legal conclusions he had a cause of action against two joint tort-feasors whom he had a right to sue in one action, he could not maintain another action until his special appearance was ruled on. If such appearance had been overruled he would have been compelled to counterclaim against Hocker and cross-petition against Calvin's estate in that action.

We disagree with the trial court's decision that the allegations of plaintiff's reply, above summarized, are insufficient to amount to peculiar circumstances which entitle him to equitable relief from the bar of section 635.68.

We are mindful that we have frequently said section 635.68 should be liberally construed in order to effectuate justice. Federal Land Bank v. Bonnett, 226 Iowa 112, 118, 284 N.W. 97, and citations; In re Estate of Sterner, 224 Iowa 617, 629, 278 N.W. 216.

■ ■ . The burden rests on a claimant to allege and prove peculiar circumstances which entitle him to equitable relief. St. Paul Mercury Indemnity Co. v. Nyce, 241 Iowa 550, 569, 41 N.W.2d 682, 693; Des Moines Transp. Co. v. Haring, 238 Iowa 395, 398, 27 N.W.2d 210, 212, and citations; In re Will of Mc-Pheeters, 233 Iowa 199, 204, 8 N.W.2d 588, 591.

We have repeatedly pointed out there is no fixed rule as to what are peculiar circumstances that entitle a claimant to equi-table relief. Each case must be determined upon its own circumstances. St. Paul Mercury Indemnity Co. v. Nyce, supra, 241 Iowa 550, 567, 41 N.W.2d 682, 692; In re Will of McPheeters, supra; Federal Land Bank v. Bonnett, supra, and citations.

This language from Ball v. James (Ladd, J.), 176 Iowa 647, 659, 158 N.W. 684, 688, comes as near to the statement of a general rule as we find in our decisions: "Such a case as will warrant relief in equity is not contemplated. What is contemplated is that the delay beyond the period fixed by statute for filing claims be so excused and explained as that, when considered in connection with the claim asserted and the condition of the estate, good conscience and fair dealing demand that a hearing on the merits be accorded the claimant."

That an estate is solvent and unsettled is an important consideration but is not in itself a peculiar circumstance which calls for equitable relief. Des Moines Transp. Co. v. Haring, supra, 238 Iowa 395, 401, 27 N.W.2d 210, 213, and citations; In re Will of McPheeters, supra, 233 Iowa 199, 206, 8 N.W.2d 588, 592; Meier v. Estate of Briggs, 221 Iowa 482, 486, 265 N.W. 189, and citations.

We have held several times that a strong showing of peculiar circumstances entitling claimant to equitable relief is not necessary, especially where the estate is solvent and unsettled. Meier v. Estate of Briggs, supra, and cases cited on page 485 of 221 Iowa; Hagen v. Nielsen, 225 Iowa 127, 131, 279 N.W. 94, 284 N.W. 356.

A brief review of Iowa decisions upon the question here presented appears in annotation 71 A. L. R. 940, 941, 950. In twenty-four of them we held there were peculiar circumstances, in thirty-two we found none.

Commencement of this action at law January 30, 1951, was, for present purposes, the equivalent of filing a claim in probate against Calvin's administratrix. Hanen v. Lenander, 178 Iowa 569, 571, 572, 160 N.W. 18, and citations; Des Moines Transp. Co. v. Haring, supra, 238 Iowa 395, 398, 27 N.W.2d 210, 212; Denver-Chicago Trucking Co. v. Lindeman, D. C. Iowa (Judge Graven), 73 F. Supp. 925, 934.

This action was started almost eleven months after the first publication of notice of Alice's appointment February 22, 1950. In the meantime, on March 1, 1950, Alice sued Hocker in Franklin County. Plaintiff in the present suit, as Wisconsin administrator, was drawn into the Franklin County case April 6 when Hocker's cross-petition against him was filed and notice thereof given. Plaintiff here had sixty days therefrom to appear in Franklin County. Code section 321.500. His special appearance was filed May 12 but was not ruled upon until November 6 when the six months for filing claims had expired.

It seems apparent the issue of peculiar circumstances should not be decided until evidence is heard unless it clearly appears the allegations of the reply, if proven, would not warrant equitable relief. During more than half the six-month period for filing claims against Calvin's estate the special appearance of plaintiff here was pending in the Franklin County case. It was not ruled upon until nearly two and one-half months after that period elapsed. There is nothing in the reply to indicate plaintiff was responsible for the lapse of nearly six months between the filing of his special appearance and the ruling thereon. What the evidence upon that question would reveal might be material upon the issue of peculiar circumstances.

Although pendency of the case in Franklin County did not prevent plaintiff here from filing his claim against Calvin's estate, plaintiff argues with good reason it was much to his advantage to sue both that estate and Hocker in the same action. That plaintiff's right to sue Calvin's estate and Hocker jointly was a valuable right see Way v. Waterloo, C. F. & Nor. R., 239 Iowa 244, 29 N.W.2d 867, 174 A. L. R. 723. Pendency of Hocker's cross-petition against plaintiff in Franklin County furnishes some excuse for plaintiff's delay in proceeding against Calvin's

estate and Hocker jointly until plaintiff's special appearance was ruled upon.

Until his special appearance was sustained plaintiff may well have been uncertain, as his reply alleges, whether he could or should sue both Calvin's estate and Hocker in Hancock County or by way of counterclaim and cross-petition in the Franklin County case. That plaintiff's right so to proceed against Calvin's estate and Hocker in Franklin County was doubtful see Hoffman v. Stuart, 188 Va. 785, 51 S.E.2d 239, 6 A. L. R.2d 247, and annotation 256. Further it was uncertain whether plaintiff could cross-petition against Calvin's estate in the Franklin County case since that estate was being settled in Hancock County. See Hulburd v. Eblen, 239 Iowa 1060, 33 N.W.2d 825; Hannahs v. McKinney, 241 Iowa 153, 39 N.W.2d 313. These are questions we think it unnecessary to decide.

In any event, the uncertainty we have suggested was removed by the sustaining of plaintiff's special appearance which left him free to sue both Calvin's estate and Hocker in Hancock County. While there was added delay of eighty-five days between such ruling and the commencement of the present action, the reply alleges, in effect, plaintiff acted with reasonable promptness under the circumstances after his special appearance was sustained. We think this added delay should not at this stage be held fatal to plaintiff's right to equitable relief.

Aside from the litigation in Franklin County, plaintiff's reply alleges the ordinary assets of Calvin's estate are exempt, plaintiff will look only to the proceeds of Calvin's liability insurance and will not diminish the amount any other creditor might receive from the estate or insurance proceeds. Plaintiff argues this places him in a position like the holder of a decedent's note and mortgage who may enforce his mortgage lien notwithstanding his failure to file against the estate a claim on the note. See In re Estate of Fatland, 197 Iowa 1231, 1236, 198 N.W. 785, and citations; annotation 78 A. L. R. 1126; 21 Am. Jur., Executors and Administrators, section 367.

The allegations of the reply just referred to raise a question we have not found answered in any case of this kind. However, many of our decisions refer to the fact the estate in question is solvent and unsettled and say, in effect, no prejudice will result

to others interested in the estate from allowance of the claim. Of course in those cases the heirs or residuary legatees were in a sense prejudiced by allowance of a claim belatedly filed since their inheritances or residuary legacies were accordingly diminished.

Here, however, it is clear from the allegations of the reply, which we must take as true, the allowance of plaintiff's claim will not prejudice any other creditor (it is alleged Hocker is the only one) *or the spouse or any heir of Calvin.* We have said several times, as heretofore indicated, a strong showing of peculiar circumstances is not required where the estate is solvent and unsettled. This should be doubly true where as here the assets of the estate are exempt and no one else interested in it will be prejudiced by allowance of the claim.

While this may be a borderline case and plaintiff's counsel did not act with the promptness desirable in such matters, we are inclined to hold, under the particular circumstances here, the allegations of the reply should not have been stricken as insufficient to warrant equitable relief.

Both rulings appealed from are—Reversed.

All JUSTICES concur except SMITH, J., not sitting.