JACKSON WHOLESALE FLORISTS, appellant, v. SCHAPPAUGH FLORAL, PEARLE I. SCHAPPAUGH, administratrix of estate of F. D. SCHAPPAUGH, and individually as partner and owner of said business, appellees.

No. 48688.

(Reported in 70 N.W.2d 154)

1190

MAY 3, 1955.

REHEARING DENIED JUNE 10, 1955.

Charles I. Joy, of Perry, for appellees.

GARFIELD, J.—We think this is an ordinary law action on an account for $456.67 for merchandise sold. Defendant is Pearle I. Schappaugh individually or as a partner and as administratrix of the estate of her deceased husband. Following trial without a jury defendant had judgment from which plaintiff has appealed.

I. Plaintiff's contention the case is reviewable de novo as an equity case, under rule 334, Rules of Civil Procedure, must be rejected. Basis for the contention is that plaintiff's petition prays for judgment for $456.67 with interest and costs and "all the legal and equitable relief it may have in law or equity." However, the petition states no facts that entitle plaintiff to relief in equity. No issue of an equitable nature is stated. It is alleged merely that defendant is indebted to plaintiff for merchandise sold and delivered as set out in the account attached to the petition and that Mrs. Schappaugh was a partner with her husband in the operation of the business and is administratrix of his estate.

The nature of an action as legal or equitable is usually to be determined from the allegations of the petition and the

prayer for relief is not controlling. Missildine v. Brightman, 234 Iowa 1339, 1341, 14 N.W.2d 700, 702, and citations; 1 C. J. S., Actions, section 54b, page 1154; 1 Am. Jur., Actions, section 49, page 440. The most familiar example of an action at law is one for the recovery of a sum of money. That is all we have here so far as the allegations of the pleadings disclose.

Further, the action was in all respects tried without objection as one at law in which a jury is waived. We have frequently held that upon appeal we will consider the case as being in the same forum in which it was tried below. McCulloch Investment Co. v. Spencer, 246 Iowa 433, 436, 67 N.W.2d 924, 926, and citations. It follows that our function here is the correction of errors at law and the trial court's findings of fact have the effect of a special verdict which is binding upon us if supported by substantial evidence. Rule 334, Rules of Civil Procedure; Ruble v. Carr, 244 Iowa 990, 993, 59 N.W.2d 228, 230, and citations.

Plaintiff's brief contains no statement of errors relied on for reversal as required by rule 344(a)(3) but states three abstract propositions of law in addition to the contention the action is triable here de novo. The correctness of these propositions may be conceded without deciding they are correct. We conclude from plaintiff's brief the real complaint is that the trial court's findings are not supported by substantial evidence and plaintiff was entitled to recover as a matter of law.

It is obvious plaintiff assumes a heavy burden in attempting to sustain the contention it was entitled to prevail as a matter of law. Its burden is much greater than if a jury verdict had been directed against it on the ground the evidence was insufficient and plaintiff were here contending the evidence would support a recovery. Our problem is not whether the evidence was such as to permit recovery but whether it was so conclusive as to compel recovery. Ruble v. Carr, supra, last above, and citations.

In considering whether plaintiff was entitled to recover as a matter of law the evidence should be construed in the light most favorable to the trial court's judgment. Davis v. Knight, 239

Iowa 1338, 1342, 35 N.W.2d 23, 25, and citations; Ruble v. Carr, supra, 244 Iowa 990, 994, 59 N.W.2d 228, 231.

II. It is clear plaintiff's claim against Mrs. Schappaugh as administratrix of her deceased husband's estate was barred by section 635.68, Codes, 1950, 1954, as defendant alleged, because not filed within six months from the giving of notice of her appointment as administratrix. The account was all incurred during Mr. Schappaugh's life. He died October 10, 1950, and notice of appointment of administratrix was admittedly given November 14, 1950. Plaintiff filed on July 21, 1952, a claim in probate against the estate, based on this account. This action was commenced in October 1953.

The six-month special limitation found in Code section 635.68 is applicable to this law action as much as to the claim in probate. A creditor cannot avoid the bar of section 635.68 by suing at law rather than by filing his claim in probate. See Des Moines Transp. Co. v. Haring, 238 Iowa 395, 398, 27 N.W.2d 210, 212; Gross v. Hocker, 243 Iowa 291, 301, 51 N.W.2d 466, 471.

Code section 635.68, so far as applicable here, provides: "All claims not filed * * * within six months from the giving of the notice aforesaid, will be barred, * * * unless peculiar circumstances entitle the claimant to equitable relief." Plaintiff's argument there were such circumstances here cannot be accepted.

We have repeatedly held the burden rests on a claimant to allege and prove peculiar circumstances which entitle him to equitable relief. See decisions cited last above.

Plaintiff's petition contains no such allegation. Further, the trial court was amply justified in holding there was no sufficient evidence of such peculiar circumstances. As to what constitutes "peculiar circumstances" see Gross v. Hocker, supra, 243 Iowa 291, 300, 51 N.W.2d 466, 471, and citations.

There was evidence defendant wrote plaintiff some letters regarding the account. It was not shown any of them were written during the six-month period for filing claims nor that plaintiff was misled or withheld filing its claim in reliance thereon. The condition of the estate does not appear. There was no showing of diligence or of justification for the lack of diligence.

In support of the conclusion the trial court was justified in finding the evidence was insufficient to show peculiar circumstances which entitled plaintiff to equitable relief see St. Paul Mercury Indemnity Co. v. Nyce, 241 Iowa 550, 41 N.W.2d 682; In re Will of McPheeters, 233 Iowa 199, 8 N.W.2d 588; Taylor v. Jackson, 213 Iowa 844, 239 N.W. 519; In re Estate of Palmer, 212 Iowa 21, 236 N.W. 58.

The trial court's determination in this law action there was insufficient evidence of peculiar circumstances which would entitle plaintiff to equitable relief, like its findings on other issues, is not reviewable de novo here. St. Paul Mercury Indemnity Co. v. Nyce, supra, 241 Iowa 550, 570, 41 N.W.2d 682, 694.

III. Plaintiff also sought recovery from Mrs. Schappaugh on the ground she and her husband were partners in the floral business. As before indicated the trial court found the evidence of such alleged partnership was insufficient. While it may be conceded some evidence supports the claim of partnership, substantial evidence supports the trial court's finding. Clearly the existence of a partnership was not established as a matter of law. We deem it unnecessary to review the evidence on this issue.

IV. Plaintiff argues Mrs. Schappaugh is liable to it on the theory she was engaged in a joint adventure with her husband in the operation of the floral business. The issue of joint adventure was not presented by the pleadings or otherwise in the trial court and may not be raised for the first time here. Rubin Bros. Butter & Egg Co. v. Larson, 245 Iowa 741, 746, 63 N.W.2d 908, 911, and citations; Salem v. Salem, 245 Iowa 62, 71, 60 N.W.2d 772, 777, and citations.

V. It is also contended plaintiff was entitled to a judgment against the trade name under which it says the Schappaughs engaged in the floral business. Since, as we have held, plaintiff's claim against Mr. Schappaugh's estate was barred by Code section 635.68 and substantial evidence supports the finding Mrs. Schappaugh was not a partner, it was not error to hold Mrs. Schappaugh was not liable to plaintiff as administratrix nor individually as a surviving partner. Thus neither of those claimed to own the business is liable to plaintiff. No theory oc-

curs to us which would entitle plaintiff to a judgment against a trade name when those alleged to engage in business under the name are not liable for the claim.—Affirmed.

All JUSTICES concur.