MOORE, Chief Justice
(dissenting),
I respectfully dissent for the reasons expressed in my dissent in Richards v. Baptist Health, Inc., 176 So.3d 179,179-83 (Ala.2014)(Moore; C.J., dissenting). I believe that, in the case before us, the application for letters of administration naming James 0. Kidd, Sr., the personal representative of the Estate of Madeline Kidd, deceased (“the estate”), relates back to the timely filing of a wrongful-death action against Mobile Infirmary Association d/b/a Mobile Infirmary Medical Center, Dr. Roger Alvarado, Dr. Barbara Mitchell, and IMC-Diagnostic and Medical Clinic, P.C. (hereinafter referred to collectively as “the defendants”).
Section 43-2-831, Ala.Code 1975, states, in part: “The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to the appointment the same effect as those occurring thereafter.” In Wood v. Way man, 47 So.3d 1212, 1216 (Ala.2010), this Court addressed the issue whether, under § 43-2-831, the appointment of a personal representative occurring after the expiration of the limitations period for a wrongful-death’ claim relates back to the filing of that claim. This Court held that proceeds awarded in a wrongful-death action are not part of the estate and, hence, cannot benefit the estate,. Wood, 47 So.3d at 1216. Therefore, this Court determined, in Wood, that the issuance of letters of administration did not relate back to the filing of a wrongful-death action by the personal representative, even though, under § 6-5-410, Ala.Code 1975, only the personal representative of an estate is authorized to bring a wrongful-death action. Wood, 47 So.3d at 1216.
I question whether the conclusion that wrongful-death proceeds do not benefit the estate necessitates a prohibition on the relation-back doctrine in wrongful-death actions. It is true that proceeds collected as a result of a wrongful-death action are not part of the estate because they are distributed according to the statute of distributions. See Ex parte Rodgers, 141 So.3d 1038, 1042 (Ala.2013); Golden Gate Nat’l Sr. Care, LLC v. Roser, 94 So.3d 365, 365 (Ala.2012); Ex parte Taylor, 93 So.3d *1198 118, 118 (Ala.2012)(Murdock, J., concurring specially); and Steele v. Steele, 623 So.2d 1140,1141 (Ala.1993). That does not mean, however, that the estate does not benefit from the acts of the personal representative who brings a wrongful-death action. Strictly speaking, wrongful-death proceeds are not “for the benefit of the estate, but of the widow, children, or next of kin of the deceased.” Hicks v. Barrett, 40 Ala. 291, 293 (1866)(discussing Ala.Code of 1852, § 1938). However, the appointment of a personal representative and all the fiduciary duties, actions, and responsibilities that attach to that position do benefit the estate; accordingly, I do not believe we must extrapolate from Rodgers, Roser, Taylor, Steele, and other like cases a bright-line rule abrogating the application of the ancient relation-back doctrine [2] under which it is immaterial whether wrongful-death proceeds are poured into the estate or are distributed to statutory beneficiaries.[3]
A case quoted in Ogle v. Gordon, 706 So.2d 707 (Ala.1997), which held that the issuance of letters of administration did relate back to the time the petition for letters of administration was filed, opines:
“We think it idle to urge that the rule [of relation back] cannot apply in this case because the proceeds of any judgment obtained would go to next of kin only, and not in the usual course of administration. There is no valid reason for sustaining the rule in one case and disregarding it in the other.”
Archdeacon v. Cincinnati Gas & Elec. Co., 76 Ohio St. 97, 107, 81 N.E. 152, 154 (1907). The court then reasoned that the appointment of the personal representative was “an act done ... which was for the benefit of the estate.” Archdeacon, 76 Ohio St. at 107, 81 N.E. at 154.[4] According to this rationale, if the appointment of James as the personal representative of the estate in this case benefited the estate, as I believe it did, then James’s appointment relates back to the timely filing of the wrongful-death action. Generally the good-faith act of the personal representative of an estate in bringing a wrongful-death action for the decedent’s next of kin does benefit the estate, in part because the personal representative has no existence or interest apart from the estate. This does not mean, of course, that creditors may assert claims against the wrongful-death proceeds.[5]
*1199 The Court in Wood adopted the narrow view that an estate does not “benefit” from a wrongful-death action simply because any proceeds awarded as a result of that action are distributed directly to the next of kin and do not pass through the estate. Wood, 47 So.3d at 1216. But because wrongful-death statutes allow an estate, on behalf of other beneficiaries, to litigate claims that accrued before the death of the decedent, wrongful-death proceeds may be considered assets of the estate even if they do not pass to the beneficiaries through the estate. “[I]t has been held generally under [wrongful-death] statutes that a right of action had accrued in favor of the decedent before his death, and that it became an asset of the estate upon his death, with the result that the personal representative, and not the beneficiary, should bring the action.” 105 A.L.R. 834 (originally published in 1936).[6] The narrow view adopted in Wood focuses on the method of distribution and the identity of the distributees rather than on the role and function of the personal representative of the estate, the only individual authorized to bring a wrongful-death action under § 6-5^410. In fact, however, the estate, through its personal representative, seeks the wrongful-death benefits on behalf of the next of kin. Accordingly, the interests of the next of kin and the estate, through its personal representative, are the same in wrongful-death actions, particularly here, where the next of kin and the “estate” are, for all practical purposes, the same.
Although the personal representative who brings a wrongful-death action “does not act strictly in his capacity as administrator of the estate of his decedent, because he is not proceeding to reduce to possession the estate of his decedent,” Ha-tas v. Partin, 278 Ala. 65, 68, 175 So.2d 759, 761 (1965)(emphasis added)(interpreting a predecessor statute to § 6-5-410), he does act “‘as a quasi trustee for those [distributees] who are entitled [to the wrongful-death proceeds] under the statute of distribution.’” Ex parte Rodgers, 141 So.3d 1038, 1042 (Ala.2013)(quoting United States Fid. & Guar. Co. v. Birmingham Oxygen Serv., Inc., 290 Ala. 149, 155, 274 So.2d 615, 621 (1973)).
As a practical matter, the statutory dis-tributees who receive wrongful-death proceeds are often also the beneficiaries of the estate. That fact led this Court to conclude that the recently enacted wrongful-death statute was designed “for the benefit *1200 of the next of kin entitled to take as dis-tributees of his estate.” Bruce v. Collier, 221 Ala. 22, 28,127 So. 553, 554 (1930)(em-phasis added)(overruled on other grounds by King v. National Spa & Pool Inst, Inc., 607 So.2d 1241, 1246 (Ala.1992)). A more accurate statement is that the personal representative acts as “a quasi trustee for those who stand in the relation of distributees to the estate strictly so called.” Holt v. Stollenwerclc, 174 Ala. 213, 216, 56 So. 912, 912-13 (1911)(emphasis added). Regardless, the estate benefits from the good-faith acts of its personal representative in bringing a wrongful-death action. To suggest otherwise is to imply that the estate, through its personal representative, has no business or interest in bringing a wrongful-death action at all, even though no other entity besides the estate, through its personal representative, may bring such an action under § 6-5-410. The estate is the only plaintiff in a wrongful-death action that may receive a favorable judgment.
Finally, I do not believe that a party must ask this Court to overrule prior cases in order for us to overrule them.[7] Therefore, I would overrule Wood, which makes satisfaction of the limitations period found in § 6 — 5—410(d), Ala.Code 1975, contingent on the punctuality or promptness of the probate judge who issues the letters testamentary. Under Wood, the limitations period may lapse though the plaintiff has been nothing but diligent and timely in asserting his or her rights. In my view, the trial court properly determined that James’s appointment as the personal representative, which occurred after the expiration of the two-year limitations period under § 6 — 5—410(d), related back to James’s filing of the wrongful-death complaint, which occurred within the two-year limitations period.

. "The doctrine that whenever letters of administration or testamentary are granted they relate back to the intestate’s or testator’s death is an ancient one. It is fully 500 years old." J.B.G., Annotation, Relation Back of Letters Testamentary or of Administration, 26 A.L.R. 1359, 1360 (1923)(cited in Ogle v. Gordon, 706 So.2d 707, 709 n. 1 (Ala.1997)). This principle is recognized in Blackwell v. Blackwell, 33 Ala. 57 (1858); McAleerv. Caw-thon, 215 Ala. 674, 112 So. 251 (1927); and Nance v. Gray, 143 Ala. 234, 38 So. 916 (1905).

. In this case, Madeline Kidd died intestate, so there is no "estate” — all is distributed to the statutory beneficiaries. In my view, this fact makes the case for the relation-back doctrine even stronger because it reveals that there are instances when the estate may "benefit” from acts of a personal representative even if it does not stand to gain monetary proceeds.

. This holding harmonizes with the statutory mandate that the "duties and powers of a personal representative commence upon appointment.” § 43-2-831, Ala.Code 1975.

. One purpose of wrongful-death statutes is to allow certain beneficiaries to obtain wrongful-death proceeds without having to undergo the lengthy administration of the estate, which is subject to the claims of creditors. The following cases, from a period of our nation’s history when the terms of wrongful-death statutes varied from state to state and courts were tasked with deciphering the application of those diverse statutes, distinguish actions for the benefit of individual beneficiaries from *1199 those that benefit the estate: Hatas v. Partin, 278 Ala. 65, 68, 175 So.2d 759, 761-62 (1965); Elliott v. Day, 218 F.Supp. 90, 92 (D.Or.1962); Bradshaw v. Moyers, 152 F.Supp. 249, 251 (S.D.Ind.1957); Smith v. Bevins, 57 F.Supp. 760, 763-64 (D.Md.1944); Rose v. Phillips Packing Co., 21 F.Supp. 485, 488 (D.Md.1937); Gross v. Hooker, 243 Iowa 291, 295, 51 N.W.2d 466, 468 (1952); Howard v. Pulver, 329 Mich. 415, 420, 45 N.W.2d 530, 533-34 (1951); Ghilain v. Couture, 84 N.H. 48, 53, 146 A. 395, 398 (1929); and Wiener v. Specific Pharm., Inc., 298 N.Y. 346, 349, 83 N.E.2d 673, 674 (1949). These cases collectively reveal the manner in which the phrase "benefit the estate” became associated with the narrow view that estates benefit only if they receive assets, rather than with the more general view that an estate may benefit for reasons besides the direct receipt of assets.

. See Gross v. Hocker, 243 Iowa 291, 295, 51 N.W.2d 466, 468 (1952), for the competing view that a wrongful-death action "is not an asset of the estate in the ordinary sense" (emphasis added); the distinction here is made not because the estate does or does not receive assets but because "resident creditors of [the] decedent are in no way prejudiced.” Gross, 243 Iowa at 295, 51 N.W.2d at 468. See also Ghilain v. Couture, 84 N.H. 48, 53, 146 A. 395, 398 (1929) (holding that damages recovered by wrongful-death actions "are not assets of the estate within the ordinary meaning of the word ” (emphasis added)).

. See Travelers Indent. Co. of Connecticut v. Miller, 86 So.3d 338, 347 (Ala.2011)(overruling a prior decision while noting that the parties had not asked the Court to overrule a prior decision); Ex parte J.E. Estes Wood Co., 42 So.3d 104, 112 (Ala.2010)(Lyons, J., concurring specially and noting that this Court may overrule a prior case without being asked to do so); and Ex parte Carter, 889 So.2d 528, 533 (Ala.2004)(overruling cases the parties did not ask the Court to overrule).