## IN THE COURT OF APPEALS OF IOWA

No. 23-0498
Filed July 26, 2023

**IN THE INTEREST OF L.H.,**
**Minor Child,**

**E.R., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Eric W. Manning of Manning Law Office, PLLC, Urbandale, for appellant mother.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Miguel Alvarado of Branstad & Olson Law Office, Des Moines, attorney and guardian ad litem for minor child.

Considered by Schumacher, P.J., Chicchelly, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights. We find there is sufficient evidence in the record to support termination of the mother's parental rights, it would not be in the child's best interests to grant an extension of time, and none of the exceptions to termination should be applied. We affirm the termination of the mother's parental rights.

## I. Background Facts & Proceedings

E.R. is the mother of L.H., who was born in 2021.[1] At the time of the child's birth, the mother was involved in child-in-need-of-assistance (CINA) proceedings with an older child, C.R.[2] The mother has a history of substance-abuse and mental-health problems. There were also concerns about domestic violence in the mother's relationship with her paramour, A.H.

In August 2021, the mother tested positive for amphetamines, methamphetamine, and marijuana. L.H. was removed from the mother's custody and placed with the maternal great-grandmother. At the removal hearing the mother "was repeatedly escalated, argumentative and non responsive to questions. She was either unable and/or unwilling to listen to court direction."

There was a CINA adjudication hearing for the child on February 21, 2022. At the hearing, the mother screamed at the judge. The court found, "The mother's demeanor and out of control conduct was consistent with an individual using

---

[1] The child's father is unknown. The rights of any unknown or putative fathers were terminated, and no father appeals.

[2] The mother's parental rights to C.R. were subsequently terminated. That termination was affirmed on appeal. *See In re C.R.*, No. 22-1382, 2022 WL 16634374, at *2 (Iowa Ct. App. Nov. 2, 2022). We noted the mother's "history of chaos and turmoil which has directly impacted her child." *Id.*

drugs." She was not receiving treatment for substance abuse and stated she continued to use marijuana. The mother continued to live with A.H.

In March, the mother's drug patch was positive for marijuana and A.H.'s drug patch was positive for methamphetamine and marijuana. At the dispositional hearing in April, the mother stated she had ended her relationship with A.H. However, he was arrested at her home in May. The mother tested positive for cocaine and marijuana in August.

In a permanency order filed on October 24, the court found the Iowa Department of Health and Human Services (HHS) failed to provide the mother with reasonable efforts for one month due to a misunderstanding.[3] The court determined the mother should have an extension of one month to cure the lack of reasonable efforts for one month. The child was placed with a great-aunt and uncle, who were willing to adopt the child.

On November 30, the State filed a petition to terminate the mother's rights. The mother had a substance-abuse evaluation. She reported her last use of marijuana was December 14 and her last use of cocaine was December 10. The mother was diagnosed with severe cannabis use disorder, severe cocaine use disorder, and severe alcohol use disorder.

At the termination hearing on January 3, 2023, the mother testified she was in an intensive outpatient program and on a waitlist to start an inpatient program. She was attending mental-health and substance-abuse counseling as part of the outpatient program. The mother stated she was not in a position to have the child

---

[3] Following the termination of the mother's rights to C.R., her visits with C.R. ended. HHS mistakenly ended the mother's visits with L.H. as well at that time.

returned to her custody at that time because she needed to complete treatment and then find housing. She asked for a six-month extension in the case.

The juvenile court entered an order terminating the mother's parental rights under Iowa Code section 232.116(1)(g), (h), and (*l*) (2022).[4] The court found the mother was not a credible witness "based upon her inconsistent statements and demeanor while testifying." The court also found:

> Termination of the parents' rights is in the child's best interest and less detrimental than the harm caused by continuing the parent-child relationship. There are no compelling reasons to maintain the parental rights and no exceptions that outweigh termination being in the child's best interest. The child's safety can best be ensured by termination.

The court considered the exceptions in section 232.116(3) and determined they should not be applied. The mother appeals the termination of her parental rights.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

In general, we follow a three-step analysis in reviewing the termination of a parent's rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). We first consider

---

[4] The language of section 232.116(1)(*l*) was subsequently amended twice. *See* 2022 Iowa Acts ch. 1098, § 59; 2023 Iowa Acts S.F. 514, § 625.

whether there is a statutory ground for termination of the parent's rights under section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the child's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.*

### III.    Sufficiency of the Evidence

The mother claims the State did not present sufficient evidence to support termination of her parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We elect to focus on the termination of the mother's parental rights under section 232.116(1)(h).[5]

The mother states that she wanted the child returned to her custody and she was taking steps to address the issues of substance abuse, mental health, and domestic violence. One of the criteria in section 232.116(1)(h) is whether a

---

[5] Section 232.116(1)(h) provides for termination of parental rights when the court finds:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

child can be returned to the parent at the time of the termination hearing. *See In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021); *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014).

During the termination hearing, the mother testified:

> Q. Okay. Considering where we are today, do you believe that you are in a position to regain care of [L.H.] today? A. No.
> Q. Okay. What do you think needs to happen before you would be ready? A. Completion of treatment, completion of the services that I need, and housing.

The mother also agreed the child had been out of her custody for "essentially his entire life," and the child needed permanency.

We determine the juvenile court properly found there was clear and convincing evidence the child could not be safely returned to the mother's custody at the time of the termination hearing under section 232.116(1)(h).

## IV. Extension of Time

At the termination hearing, the mother asked for an extension of time to work toward reunification. A six-month extension may be granted under sections 232.104(2)(b) and 232.117(5) if parental rights are not terminated following a termination hearing. *In re D.P.*, No. 21-0884, 2021 WL 3891722, at *2 (Iowa Ct. App. Sept. 1, 2021). An extension may be granted if the court "determin[es] that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (quoting Iowa Code § 232.104(2)(b)). "The judge considering [the extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the child[ ] in a better home." *Id.* (citation omitted).

In discussing the mother's request for an extension, the court stated the mother "has provided dramatically inconsistent information re: her cocaine usage and participation in services." The court found her "demeanor while testifying was concerning." Also, HHS did not believe an extension of time was in the child's best interests.

We conclude a six-month extension would not be appropriate in this case. The child was removed from the mother's custody in August 2021. At the time of the termination hearing in January 2023 the mother was only beginning to address the problems that led to the child's removal—substance abuse, domestic violence, and mental-health concerns. It is not likely "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *See A.A.G.*, 708 N.W.2d at 92.

## V.    Exceptions

The mother claims the court should have applied the exception to termination found in section 232.116(3)(c), which provides a court need not terminate a parent's rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The mother states she "attempted to have an ongoing meaningful relationship with the child."

The exceptions to termination found "in section 232.116(3) are permissive, not mandatory." *In re W.T.*, 967 N.W.2d 315, 324 (Iowa 2021) (citation omitted). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *In re A.R.*, 932

N.W.2d 588, 591 (Iowa Ct. App. 2019). "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3) . . . ." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). The child's best interests remain our first consideration. *Id.* at 475.

In addressing this issue, the juvenile court stated:

> Pursuant to Iowa Code section 232.116, the Court considered the parents' bond with the child. The Court does not believe "the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." When the mother did not get her way in obtaining a new in-home worker, she chose to not visit [L.H.] He has been removed from the mother's custody, for almost his entire life. Furthermore, even if there was evidence to support this exception, the Court would still terminate the mother's rights, due to [L.H.'s] need for permanency. It is in his best interest to terminate parental rights and be adopted.

We determine the mother has not met her burden to show an exception to termination should be applied. The evidence does not show that termination of her parental rights would be detrimental to the child based on a close relationship between the mother and the child. The child has been out of the mother's custody for almost the entirety of the child's life. The child is reportedly "very happy" at his current placement with relatives who would like to adopt him. We find the exception to termination in section 232.116(3)(c) should not be applied.

We affirm the decision of the juvenile court.

**AFFIRMED.**